UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
DESHENG LIN,
*on his own behalf and on behalf of others similarly situated*

                          Plaintiff,
v.
FUJI HANA RESTAURANT CORP
   d/b/a Fuji Hana Kosher Japanese Restaurant
   d/b/a Fuji Hana;
LORRAINE GINDI
ESTATE OF ISADORE GINDI, by executor
RAYMOND BETESH
ISADORE NATKIN, and
JACK COHEN.

                          Defendants.
----------------------------------------------------X

Case No. **21-cv-03832**

**29 U.S.C. § 216(b)
COLLECTIVE ACTION &
FED. R. CIV. P. 23 CLASS
ACTION**

**STIPULATION FOR
PLAINTIFF'S MOTION FOR
CONDITIONAL
COLLECTIVE
CERTIFICATION**

1.    **WHEREAS** the Plaintiff and the putative class of individual have made an application to implement a court-supervised notification to the putative class members under 29 U.S.C. § 216(b), AND

2.    IT IS NOW HEREBY STIPULATED AND AGREED between all parties to the above captioned action that:

    A. Within fifteen (15) days after entry of this Order, Defendants shall furnish to Plaintiff's counsel a Microsoft *Excel* spreadsheet containing for each **current and former non-exempt and non-managerial employee** employed at any time from July 7, 2015 to the present by Defendants that individual's

       a. Column A Unique Numerical Identifier;
       b. Column B First Name;
       c. Column C Last Name;
       d. Column D Sex (Male, Female);
       e. Column E Nickname;
       f. Column F Name in Native Language (if applicable);

  g. <u>Column G</u> Position Title
  h. <u>Column H and I</u> Last Known Address with apartment number (if applicable);
  i. <u>Column J</u> City and Zip Code;
  j. <u>Column K</u> Last Known Telephone Number;
  k. Column L Pay/ Day/ Week/ Semi-month/ Month
  l. <u>Column M</u> Start Date;
  m. <u>Column N</u> End Date;
  n. <u>Column O</u> Last Known Email Address,
  o. <u>Column P</u> Social Media Handles--WhatsApp Username, WeChat ID and/or FaceBook usernames (if applicable), and
  p. <u>Column Q</u> Work location, if there are more than one location of **ALL current and former non-exempt and non-managerial employees** employed at any time from July 7, 2015 to the present by:

FUJI HANA RESTAURANT CORP d/b/a Fuji Hana Kosher Japanese Restaurant d/b/a Fuji Hana, located at 512 Avenue U, Brooklyn, NY 11223

  This mailing list shall be treated by the Parties as confidential.

  This mailing list shall be accompanied by an Affidavit from Defendants certifying that the name list is complete from employment records.

 3. It is ordered that the Notice of Pendency and Consent to Joinder shall be disseminated, in any relevant language, via mail and email, to all members of the collective.

 4. Notice of Pendency and Consent to Joinder may additionally be disseminated via text message, or social media messages or chats, to all members of the collective.

 5. Relevant languages include English, and Chinese language.

[redacted]

7. Additionally, in conjunction with dissemination via mail, email, social media group and individual chat and posts and text message, a web page shall be established on Plaintiffs' counsel's website which allows for electronic submission of the Consent to Join Form and for potential opt-ins to contact Plaintiffs' counsel for more information.

8. Within thirty (30) days after receipt of a complete and accurate (with all fields filled out and with the correct number of persons) Defendants' Excel spreadsheet, the Plaintiff or their designated representatives shall cause a copy of the Notice of Pendency and Consent to Joinder Form to be mailed by first class.

9. A Reminder Postcard shall issue via First Class U.S. Mail and email to members of the Collective who, as of half-way through the completion of the notice period, have not submitted a completed Consent to Join Form.

10. Plaintiff is authorized to place two QR Codes allowing Plaintiffs to (1) directly initiate communication with Plaintiffs' counsel, and/or (2) download, sign, and submit the Notice of Pendency form electronically if they so choose on the Notice of Pendency envelope.

11. Plaintiff is authorized to place Defendants' logo on mailings to potential class members for the limited purpose of ensuring that the potential class members know what the mailing is related to.

12. Plaintiff is authorized to create a website where members of the Collective may review the Notice and electronically submit a Consent to Join Form.

13. Plaintiff's counsel may re-mail or re-email notice to any putative collective member whose Notice is returned as undeliverable, with a forwarding address.

14. The Notice of Pendency and Consent to Joinder shall indicate that opt-in plaintiffs should a significant number of Notices be returned as undeliverable with no forwarding address, Plaintiffs must consent to join the action within ninety (90) days from the date notice is mailed.

15. "Failure to furnish" shall include not only a failure to provide any names, but also a failure to provide ALL names in good faith.

16. Defendants are warned that should they fail to furnish the names in good faith, Defendants will be subject to sanction under FRCP 23(g).

17. An abbreviated form of the Notice of Pendency shall additionally be published in relevant languages on social media platforms of WhatsApp, WeChat and Facebook.

18. Should Defendants fail to furnish any name list, Defendants will be required to be pay for newspaper and social media publication.

19. Should Defendants furnish a number of names with the required information detailed in Paragraph 5 which is less than the number of its current and past employees, Defendants will be required to pay for publication, and the cost associated with making the Motion to Compel.

20. Should Defendants fail to furnish addresses but provide WhatsApp/ WeChat/ Facebook for some or all of the employees, the Court shall permit Plaintiffs to send an abbreviated version of the Notice via a WhatsApp/ WeChat/ FaceBook message/ chat in addition to publication, if applicable.

21. The Notice of Pendency and Consent to Joinder shall indicate that opt-in plaintiffs must consent to join the action within ninety (90) days from the date notice is mailed.

22. The equitable tolling on the statute of limitation on this suit be tolled for 90 days until the expiration of the Opt-in Period.

23. Defendants shall disclose class information—to wit, that information which is needed to determine whether this case may proceed as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, including but not limited to names, positions, start and end dates of employment, time records, and pay records of potential class members—to Plaintiffs by March 22, 2022, or 30 days after receiving a request for such information pursuant to Rule 34 of the Federal Civil Procedure, whichever is earlier.

24. Defendants agree that Plaintiffs may amend the Complaint pursuant to Rules 15(a)(2) and 21 of the Federal Rules of Civil Procedure on or before July 5, 2022 to add any putative opt-ins to the caption as named plaintiffs, to add putative opt-ins' factual allegations, and to add putative opt-ins' FLSA and New York Labor Law causes of action.

25. It is further stipulated that this Stipulation may be executed in counterparts, each of which shall be deemed an original, but which shall constitute one and the same instrument. An electronic copy of this Stipulation shall be deemed an original, fax signatures are deemed to be original signatures, and a copy of this Stipulation shall be deemed to be an original.

TROY LAW, PLLC
*Attorneys for the Plaintiff*

By: _____
John Troy
Aaron Schweitzer
Tiffany Troy
41-25 Kissena Blvd., Suite 103
Flushing, NY 11355
Tel: 718 762 1324

HAMRA LAW GROUP
*Attorneys for Defendants*

By: *Kevin Johnson*
Kevin S. Johnson, Esq.
1 Linden Place, Suite 207
Great Neck, NY 11021
Tel: (646) 590-0571

Based on the foregoing stipulation of the parties, the parties are ordered to comply with the terms and deadlines set forth above.

SO ORDERED.

_____