HAMRA LAW GROUP, PC.
1 LINDEN PLACE, STE. 207, GREAT NECK, NY 11021
WWW.HAMRALAWGROUP.COM

KEVIN S. JOHNSON, ESQ. T: 646.590.0571
KJOHNSON@HAMRALAWGROUP.COM F: 646.590.0571

**February 19, 2023**

**VIA ECF**

James R. Cho
Magistrate Judge
United States District Court – Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RE: *Desheng Lin, et al. v. Fuji Hana Restaurant Corp, et al.*
Case No. 1:21-cv-03832-EK-JRC

Dear Magistrate Judge Cho:

Defendants, Fuji Hana Restaurant Corp. d/b/a Fuji Hana Kosher Japanese Restaurant d/b/a Fuji Hana, Lorraine Gindi, Estate of Isadore Gindi, by executor Raymond Betesh, Isadore Natkin, and Jack Cohen, submits the following joint status letter to the Court, jointly with counsel for Plaintiffs, Desheng Lin, on his own behalf and on behalf of others similarly situated (collectively, "Plaintiffs") in response to Your Honor's January 20, 2023 order (Dkt. No. 40) to submit a joint discovery status report no later than February 23, 2023.

The parties were unable to hold mediation on February 9, 2023, as it became clear that further litigation was necessary before engaging in fruitful settlement negotiations.

The Plaintiff presented their damages spreadsheets to the Defendants on or about February 1, 2023. The spreadsheets presented, among other numbers, a global demand of approximately of eight digits, as well as the data of approximately fifty (50) persons. Due to this enormous number in demand and information, which was largely unknown to the Defendants prior to the receipt of the spreadsheet, the Defendants believed mediation would be unfruitful because of the severe difference in settlement numbers between the parties. Moreover, the Defendants advised the Plaintiffs they would like time to digest these other former employees' allegations mentioned in the spreadsheets. Furthermore, Plaintiff feels it is necessary to hold a

HAMRA LAW GROUP, PC.
1 LINDEN PLACE, STE. 207, GREAT NECK, NY 11021
WWW.HAMRALAWGROUP.COM
KEVIN S. JOHNSON, ESQ.
KJOHNSON@HAMRALAWGROUP.COM
T: 646.590.0571
F: 646.590.0571

number of depositions to assess the credibility and viability of the expansive demands set by Plaintiffs. However, should the settlement numbers from both parties come closer together later on, the parties are not closed to reconsidering mediation.

Plaintiffs are in receipt of further document production from Defendants, totaling in the hundreds of pages, but not the responses to the interrogatories or the document production responses.

The parties jointly request an extension to complete discovery, in that regard, a deposition schedule was worked out between the parties, as well as the paper discover to complete. The parties propose that they finalize any remaining initial disclosure on or before March 1, 2023, then to complete depositions on or before April 22, 2023, and then complete (drafting, exchanging, and answering) post-deposition discovery to be complete on or by June 22, 2023. To date, neither Plaintiffs nor Defendants have designated any expert witnesses for the instant matter, nor do the parties anticipate the same. .

We respectfully request that the discovery be extended a 120 days from the Court's last set deadline, to allow both sides to focus their time and resources on getting through the paper discovery, extensive number of depositions, and post-deposition demands and responses.

The parties thank the Court for itsconsideration of this matter and are available should the Court need to conference this request.

Respectfully submitted,

Kevin S. Johnson

By: Kevin S. Johnson

**CC:VIA EMAIL & ECF**
John Troy, Esq.
Tiffany Troy, Esq. \
Deborah R. Kick, Esq.