TROY LAW, PLLC
*Attorneys for the Plaintiffs, proposed FLSA*
*Collective **and** potential Rule 23 Class Plaintiffs*
41-25 Kissena Boulevard Suite 110
Flushing, NY 11355
Tel: (718) 762-1324
johntroy@troypllc.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**Case No: 21-cv-03832**

-------------------------------------------------------------------x

DESHENG LIN,
*on his own behalf and on behalf of others similarly*
*situated*

                      Plaintiff,

                 v.

FUJI HANA RESTAURANT CORP d/b/a Fuji Hana
Kosher Japanese Restaurant d/b/a Fuji Hana;
LORRAINE GINDI,
ESTATE OF ISADORE GINDI, by executor,
RAYMOND BETESH,
ISADORE NATKIN, and
JACK COHEN

                    Defendants.

**PLAINTIFFS' SECOND**
**REQUESTS FOR**
**PRODUCTION OF**
**DOCUMENTS TO**
**DEFENDANTS**

-------------------------------------------------------------------x

       PLEASE TAKE NOTICE that Plaintiffs in the above stated action on behalf of himself

**and** on behalf of those who opt in pursuant to 29 U.S.C. § 216(b), by **and** through his attorneys,

Troy Law, PLLC, in accordance with Rule 34 of the Fed. R. Civ. P. **and** the Local Civil Rules of

the **United States District Courts for the Eastern District of New York**, hereby requests that

Defendants produce the **documents and electronically-stored information** for inspection **and**

copying within thirty (30) days of the date of these requests (the "**Requests**") at Troy Law,

PLLC, 41-25 Kissena Boulevard, Suite 110, Flushing, NY 11355, email at:

johntroy@troypllc.com. Defendants are also required to serve written responses within thirty

(30) days of the date of the requests.

1

## DEFINITIONS

1.      **Each** numbered request for production, as set forth below (the "**Requests**"), shall be deemed to state **and** incorporate **each and** every of the below numbered definitions as if set forth fully therein.

2.      "**All**," "**each**," **and** "**every**" shall be construed as inclusive **or** exclusive, as necessary to afford the widest possible scope of inquiry to the discovery request containing such terms.

3.      "**And/or**" shall be construed either disjunctively **or** conjunctively as necessary to bring within the scope of this discovery request **all** responses that might otherwise be construed to be outside of its scope.

4.      "**Class or Collective Members**" means **all** individuals who satisfy **any** class **or** collective definition set forth in the operative complaint in this action.

5.      "**Communications**" mean **any** conveyance of information from one **or** more **persons** to one **or** more other **persons and** includes, but are not limited to, oral, written, electronic, verbal, **and** nonverbal modes.

6.      "**Company**" means **any** corporation, limited liability company, partnership, limited partnership, sole proprietorship, joint venture, **or any** other business combination of **any** kind.

7.      "**Compensation**" means **all** monies **and** benefits, including salaries, **hourly** wages, overtime wages, commissions, raises, **and** bonuses; **or any** other employment benefit plans, including, but not limited to, pension, severance, stock, retirement, **and** medical plans.

8.      "**Concerning**" means relating to, referring to, describing, evidencing **or** constituting.

9.      "**Customer**" means **any customer**, internal **or** external client **or employee**, **or** other **person or** entity that **Defendants or Class or Collective Members** provided services to **or** performed **work** for at **any** time throughout the **relevant period**.

10.     Unless otherwise indicated, **each** request asking for information regarding defendants should be construed as encompassing **any** corporation, partnership, subsidiary, **or** other business owned **and/or** operated, in whole **or** in part, by Defendants, **and/or** officers, **employee**s, agents, consultants, attorneys, **and/or any** other persons acting for Defendants **or** on their behalf.

11.     The terms "**Defendant**," "**You**," **and** "**Your**" refer to Defendants **and** include **all** of its subsidiaries, officers, **employee**s, agents, consultants, attorneys, **and/or any** other persons acting for **Defendant or** on its behalf.

12.     "**Document**" is defined to be synonymous **and** equal in scope to usage of this term in Rule 34(a) of the Fed. R. Civ. P. 34 **and** include, but are not limited to, **any and all**

documents **and** information maintained electronically on **any** computer hard drive, disk, diskette, tape, video **or** other information storage format. A copy **or** duplicate of a **document** which has **any** non-conforming notes, marginal annotations **or** other markings, **and any** preliminary version, draft **or** revision of the foregoing is a separate **document** within the meaning of this term. This definition refers to, without limitation, the original **and all** non-identical copies of **all** writings, including **any and all** drafts, alterations **and** modifications, changes **and** amendments of **any** of the foregoing whether handwritten, typed, printed **or** otherwise produced in **any** format including, but not limited to, paper **or electronically-stored information** ("**ESI**"), as further defined hereinafter. This definition also includes, without limitation, books, records, manuals, statements, minutes, letters, correspondence, memoranda, legal pleadings, calendars, diaries, lists, schedules, directives, agreements, contracts, print-outs, studies, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, **work** papers, graphs, graphics, transcripts, charts, blueprints, timelines, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, video recordings, film **and** sound reproductions, **ESI** on computer discs **or** other digital **or** analog storage media, including servers, file servers, **document** repositories, CDs, CD-Rs, DVDs, DVD-Rest, floppy discs, hard discs **and** hard drives, video tapes, flash drives, pen drives, thumb drives, programming instructions, sales, advertising **and** promotional literature, agreements **or** minutes of meetings, telephone conversations **or** other conversation **or** communication in your possession, custody **or** control, **or** in the possession, custody **or** control of your predecessors, successors, officers, directors, shareholders, **employee**s, agents, representatives **and** attorneys. This definition also includes non-printed matter such as voice records **and** reproductions, film impressions, photographs, videos, negatives, slides, microfilms, microfiches, e-mail, text messages, instant messages, **and** other things that **document or** record ideas, words **or** impressions. This definition further includes **all** tapes, disks, **or** records used in electronic data processing, together with the programming instructions **and** other written materials necessary to understand **or** use such tapes, disks **or** other recordings, **and** further includes **ESI**.

13.     "**Electronically-stored information**" or "**ESI**" means **any document** that can be **or** has been stored in electronic form on a server, tape, electronic media such as an internal **or** external hard drive **or any** media whereby the **document** can be saved **and** be available for retrieval using **any** retrieval device, including a computer **or** server.

14.     "**Employee**" is to refer to **any** individual **or** individuals including **all** officers, executives, managers, supervisors, professionals, hourly **and** salaried personnel, tipped **or** non-tipped **and any** other **person** who is **or** has been employed by Defendants during the relevant period.

15.     "**Hours**" include full **hours and** partial hour(s).

16.     "**Identify**" **or** "**identification**" means, when used in reference to:

a.   A natural **person**:

i.     Full name;

    ii.       Present **or** last known residence **and** business addresses (including street name **and** number, city **or** town, **and** state **or** country) **and** telephone number;

    iii.     Present position, business affiliation, **and** job description (if the present business **or** residence address **or** present position, business affiliation, **or** job description are unknown, indicate so with statement of such **and** provide the corresponding last known such information);

    iv.     Position, business affiliation, **and** job description at **any** time in question, with respect to the request **or** other requests involved, with beginning **and** end dates.

b.   A **document or** electronic information:

    i.        Its description (e.g., letter, memorandum, report, etc);

    ii.       Its title, date, **and** the number of pages thereof;

    iii.     Its subject matter;

    iv.     Its author's identity;

    v.      Its addressee's identity;

    vi.     The identity of **each person** who signed it;

    vii.    The identity of **each person** who received it;

    viii.   Its present location **and** its custodian's identity (if such **document** was, but is no longer, in the possession of **or** subject to control of Defendants, such a statement **and** the manner **and** date of the deposition made thereof).

c.   An oral communication:

    i.        Its date **and** the place where it occurred;

    ii.       Its substance;

    iii.     The identity of **each person** to whom such communication was made, **and each person** who was present when such communication was made.

d.   **Any** other context:

    i.        A description with sufficient particularity that the thing may thereafter be specified **and** recognized, including relevant dates **and** places, **and** the **identification** of relevant people, entities **and** documents;

    ii.       When used as a part of a request for facts to support a particular allegation **or** contention, it includes **identification** of documents **and** electronic information produced by others as part of the discovery process, experts' reports, **and** applicable portions of deposition transcripts, **identification** of oral communications, **any and all** other forms of recorded facts, whether **or** not you have finally decided on its use at trial.

4

17.     Pursuant to Fed. R. Civ. P. 34, "electronic information" subject to disclosure includes information stored "in **any** medium." Such media include, but are not limited to:

      a.  Active, online storage locations, such as magnetic disks **and** hard drives;

      b.  Near-line storage locations, such as optical disks;

      c.  Offline storage locations **and** archives, such as removable optical disks **and** magnetic tape media;

      d.  Back-up tapes;

      e.  Floppy disks, diskettes, CDs, zip discs, jazz discs, zip drive, flash memory, DVDs, videotapes, audiotapes, Personal Digital Assistant ("PDA"), memory cards; **and**

      f.  **Any** other medium, including but not limited to third-party Electronic Communications Service **and** Remote Computing Service providers, such as wireless cell phone companies, online electronic mail providers (e.g., Gmail, Hotmail **or** Facebook); **and any** website hosting providers (e.g., Typad).

18.     "**Opt-in Plaintiffs**" refer to **all** Collective Members who have consented in writing to join this litigation.

19.     "**Person**" as used in these **document** requests means **any** natural **person or any** corporation, partnership, association, joint venture, firm, group, committee, organization, council, team, task force, board **or** other enterprise **or** entity, **and** means both the singular **and** plural.

20.     "**Plaintiffs**" **refer to** the named **plaintiffs** in this litigation.

21.     "**Policy**" **or** "**policies**" means **each** rule, procedure, **or** directive, formal **or** informal, written **or** unwritten, **and each** common understanding **or** course of conduct that was recognized as such by Defendants **or** persons acting **or** purporting to act on Defendants' behalf, that has been in effect at **any** time during the period covered by these demands. These terms include **any** change of policy.

22.     "**Refers to**" **and** "**relates to**" mean evidencing, constituting, reflecting, showing, comprising, including, containing, describing, considering, discussing, regarding, setting forth, studying, analyzing, commenting upon, recommending, alluding to, **or** mentioning, in whole **or** in part.

23.     "**Relevant period**" as used in the requests means from <u>**six (6) years prior to the day of the filing of the lawsuit to the present date**</u> for **all** New York **Class Members** and from <u>**three (3) years prior to the day of the filing of the complaint to the present date**</u> for **all Collective Members**.

24. "**Showing**" **or** "**to show**" means depicting, displaying, demonstrating, exhibiting, reporting, presenting, **and**/**or** setting forth, **and** shall be construed to afford the widest possible scope of inquiry to the discovery request containing such term.

25. "**Time cards**" refer to records **or** other documents created upon the direction **or** supervision of the Defendants for the purpose of reflecting the **hours** worked by Plaintiff during the relevant time of employment.

26. "**Work**" includes, but is not limited to, **all** activities **or** tasks performed in whole **or** in part, directly **or** indirectly, for Defendants' benefit, whether by **any employee**, independent contractor, **or** other individual **or** entity.

## INSTRUCTIONS

Unless otherwise indicated, the following instructions apply to, **and** are incorporated into, all Definitions, Requests, **and** Instructions:

1. **All** requests pertain to the entirety of the relevant period, **and** should be updated regularly.

2. In responding to these requests, the documents produced shall be segregated **and** identified by the paragraphs **and** subparagraphs of this request to which they are primarily responsive.

3. Pursuant to Fed. R. Civ. P. 34, **each document** shall be produced as it is kept in the usual course of business **and** shall be organized **and** labeled with the paragraphs **and** subparagraphs of this request to which they are primarily responsive.

4. At **or** before the filing of the complaint in this case, Defendants were under a duty to preserve documents **and ESI** related to this matter. Accordingly, Plaintiffs expect that Defendants **and** its counsel will prevent the destruction **or** alteration of **any** documents requested herein by the operation of **any** electronic information system (routine **or** otherwise) **and** hereby put Defendants on notice that **any** destruction **or** alteration of such documents, **or any** action that makes such documents more difficult **or** expensive to access **and** use, without completing a meet **and** confer process with Plaintiffs' counsel regarding this action, will not be considered to be in "good faith," as contemplated in Fed. R. Civ. P. 37(f). If Defendants do not believe that it can reasonably comply with this instruction, Plaintiffs request that Defendants contact Plaintiffs, in writing, within 10 days from receipt of these requests, to meet **and** confer about whether immediate court intervention is necessary.

5. Unless otherwise indicated, Plaintiffs request that Defendants produce responsive documents as follows:

      a. Documents should be provided on DVD, CD **or** external hard drive. The volume of the documents will determine whether they are provided on DVD, CD, **or** hard drives.

6

b.   Documents should not be zipped, compressed, encrypted, **or** otherwise restricted **or** proprietarily protected for specific use.

c.   Paper documents should be scanned **and** processed to TIFF files. If a **document** is available to Defendants both in paper **and** electronic form, Plaintiffs request that Defendants produce the requested **document** in electronic form, as described herein.

d.   Pursuant to Fed. R. Civ. P. 34(a)(1), Plaintiffs may specify the form **or** forms in which **ESI** is to be produced. Plaintiffs request that **ESI** be produced according to the instructions contained in Attachment A.

e.   A cover letter **or** fact sheet should be included describing in as much detail as practicable the contents of the collection.

f.   **All** productions should be produced as they are ordinarily maintained, for example, organized by custodian **or** sources.

g.   Documents shall be Bates-stamped **or** otherwise numbered sequentially.

h.   **All document** production requests should be separately answered in order, **and** should follow a reprinting of the **document** production request being addressed.

i.   If **any document** production request does not apply to you, state "not applicable" with respect to such **document** production request **and** state the factual basis for such contention.

j.   In the event that you object to **any document** production request on the grounds that it is overbroad **and**/**or** unduly burdensome for **any** reason, respond to that **document** production request as narrowed to the least extent necessary to render it not overbroad / unduly burdensome **and** state specifically the extent to which you have narrowed that **document** production request for purposes of your response.

k.   If **any document** production request is privileged, describe **each** such **document** so that it may be readily identified, **and** state the privilege claim.

l.   For **any document or** portion of a **document** that is withheld on grounds of privilege, a privilege log shall be provided in accordance with the requirements of the Local Civil Rules of the United States District Court for the (e.g., Rule 26.2).

m.   If you object to **any document** production request, in part **or** in whole, as inquiring into privileged, protected **or** immune matters, set forth fully in your objection the information required by Rule 26.2 of the Local Civil Rules of the United States District Court for the Eastern District of New York.

6.      **Each** request which seeks information relating in **any** way to communication to, from, **or** within a business **and**/**or** corporate entity is hereby designated to demand **and** should be constructed to include **all** communications by **and** between representatives, **employee**s, agents, brokers, **and**/**or** servants of the business **and**/**or** corporate entity.

7.      With respect to **any and all document** production request answered by specifying business records (including **ESI**), when permitted by Fed. R. Civ. P. 33(d), specify the records in sufficient detail to enable the Plaintiffs to locate **and identify** them as readily as the Defendants; **and** give the Plaintiffs a reasonable opportunity to examine **and** audit the records **and** to make copies, compilations, abstracts **or** summaries. As required by Fed. R. Civ. P. 34(b)(2)(E)(i), documents must be produced as they are kept in the ordinary course of business **or** must be organized **and** labeled to correspond to the categories of the requests.

8.      To the extent Defendants have already produced documents responsive to these requests, state the unique identifier (e.g., MD 5 Hash value **or** Bates number) for **each** responsive **document** that was previously produced.

9.      **Each** request should be responded to separately. However, a **document** which is the response to more than one request may, if the relevant portion is marked **or** indexed, be produced **and** referred to in a later response.

10.     The documents produced in response to the requests shall include **all** drafts thereof, attachments, **and** enclosures.

11.     **All** documents produced in response to the requests shall be produced in total, notwithstanding the fact that portions thereof may contain information not requested.

12.     In responding to the requests, Defendants shall provide **all** requested documents in their possession, custody, **or** control **and** shall include **all** such documents in the possession, custody, **or** control of Defendants' attorneys, investigators, **or any** third party to whom Defendants have surrendered possession, custody, **or** control, who are acting on Defendants' behalf, who have otherwise obtained possession, custody, **or** control, **or** who, upon Defendants' request, would surrender possession, custody, **or** control to Defendants.

13.     In responding to the **document** production requests, furnish **all documents** that are available to you **or** subject to your control **and** indicate from which Defendant **document** is produced if unavailable to you **or** not subject to your control.

14.     If Defendants cannot produce **any document** after exercising due diligence to secure such **document**, they are to so state, describe the **document** that they are attempting to secure **and** the efforts being made to secure the same, **and** respond to the remainder of the requests.

15.     If, to Defendants' knowledge, documents responsive to one **or** more requests were never in Defendants' possession, custody, **or** control but are **or** have been in the possession, custody, **or** control of **any** other **person**, please **identify all** such persons.

16.     If **any document** responsive to the requests was, but is no longer, in your possession, custody **or** control, please **identify each** such **document** including (a) the type **or** character of the **document** (e.g., letter, memorandum, signed statement, notes, etc.); (b) title, if **any**, of the **document**; (c) the name **and** address of the author of the **document**; (d) the name **and** address of the recipient of the **document**, if **any**; (e) the names **and** addresses of **all** recipients of the copies of the **document**, if **any**; (f) **all** information contained in **each** such **document**; (g) the date **and** circumstances under which **each** such **document** ceased to exist **or** to be in your possession, custody, **or** control; (h) the reasons that **each** such **document** was caused to, **or** happened to, cease to exist; (i) the time period during which **each document** was maintained; (j) the location of **each** such **document**; (k) the **person or** persons from whom **each** such **document** may be obtained.

17.     For **all** documents that are not produced in response to **any** of the requests because such documents were lost **or** destroyed, such documents shall be identified by giving, to the extent known: (a) the types of documents; (b) the general subject matter of the documents; (c) the dates of the documents; (d) the authors, addresses, **and** recipients of the documents; (e) the circumstances surrounding the loss of the documents **or** destruction of the documents, if applicable; **and** (f) the last **or** present custodian of the documents.

18.     If requested documents are maintained in a file, folder, **or** other container, please produce the file, folder, **or** other container, **or** a complete copy of same, with the documents. For **ESI** that originates in a digital folder structure, please produce the folder names **and** relationships as metadata.

19.     The scope of your search for **ESI** shall include **all** forms of **ESI** collection, preservation, transmission, communication **and** storage, including:

    a.  **All ESI** generated **and** maintained in the ordinary course of business, including **ESI** stored on mainframe computers **or** local **and** network computers **or** drives **or** servers **or any** other media **or** location where **ESI** can be **or** is stored;

    b.  Distributed data **or** removable data, i.e., information which resides on portable media **and** non-local drives, including home computers, laptop computers, magnetic **or** floppy discs, CD-ROMs, DVDs, zip drivers, Internet repositories including emailed host by Internet service providers, handheld storage devices such as PDAs, BlackBerry devices, cellular telephones, **and** flash memory drives used by managers, supervisors **or** Defendants in the **work** place **or** at home;

    c.  Forensic copy **or** backup **ESI**, including archive **and** backup data;

    d.  Network **ESI**, including voice mail systems, email servers, ISP servers, network servers, cloud servers **and** fax servers;

    e.  Legacy **ESI**, i.e., retained data that has been created **or** stored by the use of software **or** hardware that has been rendered outmoded **or** obsolete;

      f.   Metadata, i.e., information regarding a particular data set which describes how, when **and** by whom it was collected, created, accessed **and** modified **and** how it is formatted.

20.     The requests **and** responses thereto shall be governed by the definitions **and** instructions contained in Rule 26.3 of the Local Civil Rules of the United States District Court for the , as amended, which are incorporated by reference in these requests.

21.     In accordance with Fed. R. Civ. P. 26(b)(5), if **any** information **or document** responsive to these requests is withheld pursuant to a claim **or** attorney-client privilege, **work** product protection, **or any** other common law **or** statutory privilege **or** protection, please specify the following: (a) the basis for withholding such information **or document**; (b) a generic description of the nature of the information **or document** being withheld in a manner that will enable Plaintiffs to assess the claim of privilege; (c) the date the information was learned **or** the **document** created; (d) the identity of the **person**(s) who learned the information **or** authored the **document**; (e) the date the information **or document** was transmitted **or** otherwise made available to anyone; **and** (f) the specific discovery request(s) to which the withheld information **or document** relates.

22.     For **any document** withheld on grounds other than privilege, Defendants shall indicate with specificity the grounds under which they are withholding a **document**, **and identify** the **document** by including a description of the **document** in a log similar to a privilege log **or** other means sufficient to describe for **any** such documents: (a) the types of documents; (b) the general subject matter of the documents; (c) the dates of the documents; (d) the authors, addresses, **and** recipients of the documents; (e) the circumstances surrounding the loss of the documents **or** destruction of the documents, if applicable; **and** (f) the last **or** present custodian of the documents.

23.     Unless otherwise indicated in writing, the failure to produce **any** documents in response to **any** request herein means that such documents do not exist, **or** are not in Defendants' possession, custody, **or** control, **or** the possession, custody, **or** control of Defendants' agents **or** anybody acting on Defendants' behalf.

24.     This request shall be deemed to be continuing in nature so as to require further **and** supplemental production when Defendants discover, receive, **or** generate additional responsive documents between the time of the original production **and** the time of trial.

25.     These **document** production requests are continuing in nature, so as to require you to furnish supplementary answers if additional **or** supplementary information comes to your knowledge prior to trial, **and** to do so without benefit of an additional demand from Plaintiffs, as provided by Fed. R. Civ. P. 26(e).

26.     If **any document** response to this request exists in the form of tape recording, video recording, **or** other electronic recording, then it shall be preserved until the conclusion of the litigation. If a tape recording has not been transcribed, then a copy of such tape **or** electronic recording shall be produced, subject to **any** state law **or** regulation barring access to the

Plaintiffs. Defendants' counsel shall retain the tape **and** make it available upon request of the Court **or** Plaintiffs' counsel. **Any** transcript shall be treated as **any** other responsive **document**.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.     Identification card of Defendant Isadore Natkin (Driver's license is fine).

2.     Any and all of the Lease Agreements, Amendments to the Lease Agreements thereof, its chains of Assumption and Assignment of the Lease, Consent thereto in connection with the restaurant FUJI HANA RESTAURANT CORP. d/b/a Fuji Hana located at 77A Main Street, Hempstead, New York 11550 between tenant FUJI HANA RESTAURANT CORP d/b/a Fuji Hana and its landlord, TONY VULPIS.

3.     Documents sufficient to identify the telephone number, email address, and address of all Certified Public Accountants or private accountants utilized by FUJI HANA RESTAURANT CORP d/b/a Fuji Hana for its employee payroll from 2016 to the present day, including but not limited to Curt Grannit.

4.     **Any and all** documents concerning the Class Member's time records for work performed on behalf of the Defendants, including, but not limited to, **any and all** documents concerning:

   a. time-sheets **or** sign-in sheets showing the **hours** worked by Plaintiffs for **each** day that they worked **or** the period during the relevant period, inclusive;

   b. schedule of Plaintiff's working **hours**.

   c. A sampling thereof is acceptable alternative to the full production.

5.     Any text messages between any of the Defendants and any of the Plaintiffs, including any messages between Isadore Natkin and De Sheng Lin a/k/a Jimmy Lin.

6.     Any text messages between or among any of the Defendants pertaining to either Plaintiff (named or opt in Plaintiffs in the federal or state action) or any allegations or defenses in this action

7.     Tip records of Jimmy Lin, Sandy Gao during their employment with Fuji Hana.

8.     Metadata of the tip records of Jimmy Lin and Sandy Gao during their employment with Fuji Hana Restaurant Inc., including Square Online Site as well as point of sale system.

9.     Reproduction of the tip receipts for all the delivery workers working at Fuji Hana in 2020 to the present day.

Respectfully submitted,

/s/ John Troy
John Troy
TROY LAW, PLLC
*Attorneys for Plaintiff*

**Attachment A**

Pursuant to Fed. R. Civ. P. 34(a)(1), Plaintiffs may specify the form **or** forms in which **ESI** is to be produced. Plaintiffs request that **ESI** be produced as follows:

1. Documents created **or** stored electronically should not be produced in hard copy. **All ESI** should be produced with the metadata requested below.

2. Documents originating in spreadsheet, word processing, **or** presentation programs such as Excel, Microsoft Word, **or** PowerPoint should be produced in native form. For deliverables containing native files, a native file path/link should be included in the metadata load file. Additionally, a Bates-stamped TIFF placeholder should be included in the production **and** reflected in the image load file. The number of native files per folder should be limited to 1,000 files.

3. In the event that responses to these requests encompass **ESI** from proprietary **or** non-proprietary databases, Plaintiffs request that the parties meet **and** confer to discuss the fields contained in the database **and** the best means of producing responsive information from them, such as running reports **or** queries. In the event that **ESI** will be produced directly from a database, **ESI** should be produced in a comma delimited file **or** in Excel format, with **all** formulae **and** records of irregular **or** manual manipulation of data reflected. If proprietary software is required to access **or** use documents in their native format, please supply such software. A written list of **all** database fields **and** a reasonable description for **each** field, **or** a "database directory" should be included.

4. For deliverables containing multi-media files, the following production format should be used:

   a. Audio Data Files: Audio data files should be produced in audio Windows Media Audio ("WMA") format **or** "MP3" format.

   b. Video Files: Video files should be produced in Audio/Video Interleaved ("AVI") format.

   c. Image Files: If providing color images, files should be produced in "JPEG/JPG" format with a resolution of 150 to 300 DPI.

5. **All** productions should be free of computer viruses.

6. **All** deliverables should include a metadata load file that is a .DAT **or** .TXT format with standard Concordance delimiters, **and** contain **all** fields outlined below. Image load files should be provided in OPT format.

7. Documents should be produced with TIFF images **and** named according to the Bates number of the corresponding TIFF image. **Each** *.tiff file should be assigned a unique name matching the Bates number of the corresponding image. The Bates number should be consistent across the production, contain no special characters, **and** be

numerically sequential within a given **document**. Attachments to documents should be assigned Bates numbers that directly follow in sequential order the Bates numbers on the documents to which they were attached. If a Bates number **or** set of Bates numbers is skipped, the skipped number **or** set of numbers should be noted, for example with a placeholder.

8. **All** un-redacted documents should be provided with complete **document**-level extracted text files. In the event a **document** contains text which is to be redacted, OCR text files should be provided for **any** un-redacted portions of the documents. **Document**-level OCR text files should be provided for **any** un-redacted portions of redacted documents **and** for **all** hard copy scanned documents. The extracted full text **and/or** OCR text for **all** deliverables should be in separate **document**-level TXT files. These TXT files may either be provided in a separate folder **or** included in the same folder as their corresponding images. The number of TXT files per folder should be limited to 1,000 files.

9. For email collections, the parent-child relationships (the association between emails **and** attachments) should be preserved. Email attachments should be consecutively produced with the parent email record.

10. **All** images should be provided in single-page, Group IV TIFF with a resolution of 300 DPI. Bates numbers **and** confidentiality designations should be electronically branded on **each** produced *.tiff image. These .TIFF images should be provided in a separate folder **and** the number of TIFF files per folder should be limited to 1,000 files.

11. Metadata to be produced: The following metadata fields should be produced for **each document** to the extent that such information is available at the time of collection **and** processing, except that if a filed contains privileged information, that privileged information may be redacted **and** noted in a corresponding privilege log. **All** requests should be read to include a request for **all** metadata associated with **all** documents responsive to the request.

| FIELD NAME | DESCRIPTION | CATEGORY |
|---|---|---|
| **BEGDOC** | starting bates | hardcopy, edoc, email **and** attachment |
| **ENDDOC** | ending bates | hardcopy, edoc, email **and** attachment |
| **CUSTODIAN** | custodial **or** non-custodial source(s) from which the **document** was collected | hardcopy (if coded), edoc, email **and** attachment (populated through processing) |

| FAMILYIDOR ATTACHID | family (range of bates related documents (i.e., email & attachment) – this field will be populated for **all** records in the family) | hard copy, edoc, email **and** attachment (populated through processing) |
|---|---|---|
| **PRPERTIES OR RCRDTYPE** | record type – will be either "email," "attachment," "edoc," **or** "hardcopy." | |
| **FROM** | email author | email (populated through processing) |
| **TO** | recipient | email (populated through processing) |
| **CC** | cc field – in the event of emails | email (populated through processing) |
| **BCC** | bcc field – in the event of emails | email (populated through processing) |
| **SUBJECT** | subject | email (populated through processing) |
| **DOCTITLE** | **document** title/name of the original native file as it existed at the time of collection | hardcopy (if coded), edoc **or** attachment (populated through processing) |
| **DOCDATE** | **document** date/date sent, format MM/DD/YYYY, this is the SORT_DATE field, so populate across families | email **and** attachment |
| **DATESENT** | email sent date, format MM/DD/YYYY | email (populated through processing) |
| **TIMESENT** | time sent, format 00:00:00 AM/PM | email (populated through processing) |
| **DATECREATED** | date first created, format MM/DD/YYYY | edoc **or** attachment (populated through processing) |
| **DATESVD** | date last saved/modified, format MM/DD/YYYY | edoc **or** attachment (populated through processing) |

| | | |
|---|---|---|
| **TIMESVD** | time saved, format 00:00:00 AM/PM | (populated through processing) |
| **PAGECOUNT** | **document** page count | edoc **or** attachment (populated through processing) |
| **ATTILE** | file name/attachment name | electronic file **and**/**or** attachment (populated through processing) |
| **APPLICAT** | application used to open the file (Word, Powerpoint, Adobe, Excel, Explorer, Quicken, etc.) | electronic file **and**/**or** email, attachment (populated through processing) |
| **FOLDERID OR ORIGFOLDERP ATH OR FILEPATH** | file path/folder structure of original native file as it existed at the time of collection i.e., path of email in mailbox (populate for email attachments also); filepath of edocs **or** scanned documents (if requested) | electronic file **and**/**or** email, attachment (populated through processing) |
| **DOCLINK OR NATIVEFILE** | active link reflecting current filepath back to the native file | electronic file **and**/**or** email, attachment (populated through processing **and** only provided if receiving native files) |
| **FILEEXTEN** | in the event of attachments **or** emails, this will enable us to search by **document** type, sample contents: PST, MSG, PDF, DOC, PPT, HTM, etc. | electronic file **and**/**or** email, attachment (populated through processing) |
| **AUTHOR** | in the event of attachments, this field contains the 'author' of the **document** | for hard copy document (if coded) **or** electronic file **and**/**or** attachment (populated through processing) |
| **HASH** | hash value for de-dupe | electronic file **and**/**or** attachment (populated through processing) |

| **HEADER** | contains **all** the routing information from the header section of an email message | email (populated through processing) |
| **TEXT** | text of email in the event of emails; text of attachment in the event of attachments, we recognize that some attachments will not have text that can be properly rendered into text (JPGs, GIFs, Flash Files, etc.), but for those flat files such as PDFs which do not have extractable text, we would like them OCR'd, **and** the contents placed in the TEXT field | for hard copy, electronic file, email **and** attachment |

**Certificate of Service**

I, John Troy, an attorney duly admitted in the State of Connecticut and in this court, hereby certify that:

I have today served the annexed requests for the production of documents on the Defendants in this action by causing a copy to be sent *via* electronic mail to their attorneys of record at the email address below and *via* first class mail to their attorneys of record at the addresses below:

Dated: June 6, 2023

By: /s/ John Troy
John Troy
TROY LAW, PLLC
*Attorney for Plaintiff*

SERVICE LIST:

HAMRA LAW GROUP, PC
*Attorneys for Defendants*

Kevin S. Johnson
1 Linden Place, Suite 207
Great Neck, New York 11021