**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
 ---------------------------------------------------------------- x

DESHENG LIN, on his own behalf and on behalf
of others similarly situated,                                                                    Case No.

                                                                    Plaintiff,

                                        v.                                                **DEFENDANT'S SECOND**
                                                                                          **RESPONSE TO DOCUMENT**
                                                                                          **DEMANDS**
FUJI HANA RESTAURANT CORP d/b/a Fuji Hana
Kosher Japanese Restaurant d/b/a Fuji Hana;
LORRAINE GINDI,
ESTATE OF ISADORE GINDI, by executor,
RAYMOND BETESH,
ISADORE NATKIN, and
JACK COHEN

                                                                    Defendants.

 ---------------------------------------------------------------- x

## REQUEST FOR PRODUCTION OF DOCUMENTS

### Corporate Defendants' Information


1.        All documents establishing the corporate Defendants, including, without limitation,
articles of incorporation, filings with any state division of corporations, member agreements, or
partnership agreements.

**RESPONSE TO DEMAND NO. 1**

No such documents exist.

2.        All documents concerning board of directors' meetings, annual meetings, or other formal
meetings of the officers, directors, or managing members of the corporate Defendants, including
but not limited to minutes or agenda of such meetings.

**RESPONSE TO DEMAND NO. 2**

No such documents exist.

3.        All documents concerning the sale or transfer of any and all business assets and/or debts
of the corporate Defendants for the relevant period. These requests shall include but not be
limited to the following:

     a.   Documents concerning the transfer of debts or assets amongst and between the Defendants in this action, and/or their immediate family members;

     b.   Documents concerning the sale or purchase of the corporate Defendants, or any of their subsidiary or parent entities, by the Defendants, and/or their immediate family members;

     c.   Documents concerning payments by Defendants to the individual Defendants in this action, or their immediate family members, whether for compensation, distribution, or payments of any kind.

**RESPONSE TO DEMAND NO. 3**

Defendants object to the demand, as the demand prematurely seeks information that is solely appropriate after the issuance of judgment against Defendants and is then more rightly brought by an informational subpoena, not the aforementioned demands by Plaintiffs. Without waiving, in whole or in part, any such objection, Defendant, Estate of Isadore Gindi, discloses the following documents from the Probate of the Estate of Isadore Gindi, Surrogate's Court of the State of New York, County of Kings, File No. 2019 – 469, 2019 – 469/A. <u>See Bates Stamped Production 0003133 – 0003189, annexed hereto</u>.

4.     Copies of the corporate Defendants' federal, state and local income tax returns for the relevant period, including all supporting documentation and attachments, and for any and all subsequent years as they become available during the course of this litigation.

**RESPONSE TO DEMAND NO. 4**

Defendants object to the demand, as the demand prematurely seeks information that is solely appropriate after the issuance of judgment against Defendants and is then more rightly brought by an informational subpoena, not the aforementioned demands by Plaintiffs.

5.     Copies of the corporate Defendants' federal tax form, Employer's Quarterly Federal Tax Return (Form 941), for the years of the relevant period, both years inclusive, and for any and all subsequent years as they become available during the course of this litigation.

**RESPONSE TO DEMAND NO. 5**

Defendants object to the demand, as the demand prematurely seeks information that is solely appropriate after the issuance of judgment against Defendants and is then more rightly brought by an informational subpoena, not the aforementioned demands by Plaintiffs.

6.      Copies of the corporate Defendants' New York State tax form, Quarterly Combined Withholding, Wage Reporting and Unemployment Insurance Return (Form NYS-45), for the tax years for the relevant period, and for any and all subsequent years as they become available during the course of this litigation.

**RESPONSE TO DEMAND NO. 6**

Defendants object to the demand, as the demand prematurely seeks information that is solely appropriate after the issuance of judgment against Defendants and is then more rightly brought by an informational subpoena, not the aforementioned demands by Plaintiffs.

7.      Copies of the corporate Defendants' Form 720, 1099 and/or 1096, for the tax years for the relevant period, and for any and all subsequent years as they become available during the course of this litigation.

**RESPONSE TO DEMAND NO. 7**

Defendants object to the demand, as the demand prematurely seeks information that is solely appropriate after the issuance of judgment against Defendants and is then more rightly brought by an informational subpoena, not the aforementioned demands by Plaintiffs.

8.      Copies of all documentations, including Loan Application, Agreement, or supporting documentation, of any COVID-19 related emergency funding, including funds for Paycheck Production Program, funds for COVID-19 EIDL Advance Grant, COVID-19 EIDL Supplemental Targeted Advance Grant, SBA Shuttered Venue Operations Grant, SBA Restaurant Revitalization Grant, or any other state or local COVID-19 funding.

**RESPONSE TO DEMAND NO. 8**

Defendants object to the demand, as the demand prematurely seeks information that is solely appropriate after the issuance of judgment against Defendants and is then more rightly brought by an informational subpoena, not the aforementioned demands by Plaintiffs.

9.      All documents used in the preparation of taxes the relevant period concerning corporate Defendants' Gross Volume of Sales.

**RESPONSE TO DEMAND NO. 9**

Defendants object to the demand, as the demand prematurely seeks information that is solely appropriate after the issuance of judgment against Defendants and is then more rightly brought by an informational subpoena, not the aforementioned demands by Plaintiffs.

10.     Any and all of corporate Defendants' bank statements from all corporate accounts for the relevant period, and for any and all subsequent years as they become available during the course of this litigation and all records of sale, written and/or electronic, whether compiled on a daily basis and weekly, monthly, or quarterly summaries thereof.

**RESPONSE TO DEMAND NO. 10**

Defendants object to the demand, as the demand prematurely seeks information that is solely appropriate after the issuance of judgment against Defendants and is then more rightly brought by an informational subpoena, not the aforementioned demands by Plaintiffs.

11.     All documents, where not already included in another request, concerning corporate Defendants' Gross Volume of Sales for the relevant period, and for any and all subsequent years as they become available during the course of this litigation, including without limitation records of receipts, sales, credit card sales receipts, bank account statements, bank deposit slips, and periodic summaries of gross sales.

**RESPONSE TO DEMAND NO. 11**

Defendants object to the demand, as the demand prematurely seeks information that is solely appropriate after the issuance of judgment against Defendants and is then more rightly brought by an informational subpoena, not the aforementioned demands by Plaintiffs.

12.     Any and all documents relating to corporate Defendants' point of sale system and the attached computer system including but not limited to: bill of sale from the purchase of point sale system, invoices from the service provider, manuals and instructions, invoices from any maintenance of the point of sale system, and other appropriate documents involving corporate Defendants' point of sale system, for the relevant period, and for any and all subsequent years as they become available during the course of this litigation.

**RESPONSE TO DEMAND NO. 12**

Defendant has previously disclosed receipts from the Defendant's point of sale system, evidenced by receipts disclosed, regarding deliveries, etc. There are no documents responsive to that portion of the Demand which seeks maintenance records, instructions, invoices, and the like. No such documents exist and any maintenance is unknown or forgotten, if any such occurred.

## Class or Collective Member Information

13.     Electronic data showing, for all Class or Collective Members, the following information applicable at all times during the relevant period:

    a.  full name, job position information, job title, job code, job level, salary grade, organizational location within Defendants, job location, and Social Security number, and dates of all changes to any of these variables;

    b.  all information regarding compensation earned by or paid by Defendants to each individual;

    c.  all last known contact information, including current and former home address, telephone numbers, and email addresses; and

    d.  information reflecting each individual's location within Defendants' organization, including team, department, group, division, or organizational unit.

## RESPONSE TO DEMAND NO. 13

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

14.     To the extent that any information about Class or Collective Members is not identified in the electronic data described in the immediately preceding Request No. 12, and to the extent not already produced by Defendants, any and all documents showing the same information in tangible form.

## RESPONSE TO DEMAND NO. 14

See Bates stamped document 0003190, a list compiled by counsel regarding the alleged Class or Collective Members positions, titles, and employment periods, through conversations with Defendants and review of the discovery already exchanged in this litigation.

15.     All documents concerning (and therefore stating) the position(s) of the individual Defendants GUI BIAO QI a/k/a Guibiao Qi a/k/a Leo Qi, ELAINE BAO a/k/a Elaine Ying Bao a/k/a Elaine Y Bao a/k/a Ying Bao a/k/a Helen Bao a/k/a Ellen Bao, and JOSE F ROJAS, and/or any other managers within the management structure of the corporate Defendants (such as an organizational chart).

**RESPONSE TO DEMAND NO. 15**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 002759 – 0003189, annexed hereto.

16.     Documents sufficient to show the number of employees who work in each state and the number of employees who are assigned to each organizational unit, including job code, job title, position number, location, team, and/or product throughout the relevant period.

**RESPONSE TO DEMAND NO. 16**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, and, 0003190 (Staff Chart) annexed hereto.

17.     All documents that show the work sites at which any Class or Collective Member works or worked during the relevant period, including the address of those work sites.

**RESPONSE TO DEMAND NO. 17**

No such documents exist, as Defendants maintained a single location for business, already known to Plaintiffs.

18.     Any and all organizational charts or documents showing the corporate organizational structure of Defendants or its corporate headquarters, divisions, units, sites, offices, and/or locations, including (a) organizational charts showing the hierarchy and reporting relationship of each Class or Collective Member job title, job code, and position number, (b) organizational charts showing the hierarchy and reporting relationship of each individual with responsibility for overseeing or monitoring any (i) aspect of any Class or Collective Member's work or (ii) tools or systems used by Class or Collective Members, and (c) documents that refer or relate to the roles played by each group in which Class or Collective Members worked during the relevant period.

**RESPONSE TO DEMAND NO. 18**

No such documents exist.

19.     All documents that refer or relate to integration or incorporation of companies, contracts, or corporate training, delivery, or departments acquired by Defendants during the relevant period, including integration of the employees of those acquired companies into Defendants.

**RESPONSE TO DEMAND NO. 19**

No such documents exist.

20.    Any and all documents that refer or relate to the type of work performed by each division, unit, site, office, and/or location of Defendants within which any Class or Collective Member worked during the relevant period.

**RESPONSE TO DEMAND NO. 20**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed.

21.    All documents that refer or relate to the products, software, or other programs used by Class or Collective Members during the relevant period.

**RESPONSE TO DEMAND NO. 21**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed.

22.    All documents that refer or relate to any contemplated, planned, or implemented reorganization of Class or Collective Members' role within Defendants, including geographic changes, closing or opening of office locations, change in organizational structure, change in job titles or duties, or related changes resulting from such reorganization.

**RESPONSE TO DEMAND NO. 22**

No such documents exist.

**Compensation**

23.    All documents that refer or relate to compensation of any Class or Collective Member, including wage rates, salary rates, bonuses, overtime rates, profit sharing, and/or total compensation, including computer-readable payroll data to the extent not produced in Request No. 12.

**RESPONSE TO DEMAND NO. 23**

Defendants object to the demand, as the demand prematurely seeks information that is solely appropriate after the issuance of judgment against Defendants and is then more rightly brought by an informational subpoena, not the aforementioned demands by Plaintiffs.

24.      All documents that refer or relate to statements by Defendants regarding Class or Collective Members' regular rate of pay, the length or timing of a standard workweek, or whether Class and Collective Members are paid on a salary basis or some other basis.

**RESPONSE TO DEMAND NO. 24**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed.

25.      All documents that refer or relate to Defendants' practices or policies regarding (a) whether Class or Collective Members who work fewer than 40 hours in a week receive less than a full week's pay or otherwise have their compensation reduced for that week, (b) whether Class or Collective Members whose accrual of personal or paid time off ("PTO") (or the equivalent) dips below zero receive less than full pay (such as having their pay docked for the amount of PTO or equivalent taken), (c) whether Class or Collective Members who have not used their PTO (or the equivalent) during the calendar year in which the PTO accrued may lose that PTO or be ineligible to use that PTO, and (d) whether Class or Collective member are eligible for or receive extra pay or bonuses, such as for performing work at particular times (e.g., nighttime, weekends, or holidays), for particular lengths of time (e.g., significantly more than eight hours in a day), or based on performance criteria.

**RESPONSE TO DEMAND NO. 25**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed.

26.      All documents concerning communications by, from, or between any Defendant and an accountant, or person(s) providing accounting services for Defendants, concerning the compensation and/or accounting therefore of employees of Defendants.

**RESPONSE TO DEMAND NO. 26**

Defendants object to the demand, as the demand prematurely seeks information that is solely appropriate after the issuance of judgment against Defendants and is then more rightly brought by an informational subpoena, not the aforementioned demands by Plaintiffs.

**Plaintiff-Specific Documents**

27.     All documents that refer or relate to Plaintiffs, including their complete personnel files and all documents they have signed.

**RESPONSE TO DEMAND NO. 27**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

28.     All documents concerning any written offer of employment to Plaintiffs and/or any acceptance of employment by such Plaintiffs.

**RESPONSE TO DEMAND NO. 28**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

29.     All documents concerning or reflecting the terms of any oral offer of employment to Plaintiffs.

**RESPONSE TO DEMAND NO. 29**

No such documents exist.

30.     All documents concerning any advertisements, "help wanted" notices, or other documents seeking to employ individuals (or drafts thereof) for any position openings for any positions held by any Plaintiff.

**RESPONSE TO DEMAND NO. 30**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

31.     Where not already produced in response to another request herein, all documents concerning any agreement(s), contract(s) and/or any other documentation of the terms and conditions of each Plaintiff's employment relationship with Defendants.

**RESPONSE TO DEMAND NO. 31**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

32.     Where not already produced in response to another request herein, all documents concerning Plaintiffs' employment with any or all of Defendants, and any company owned, managed or controlled by Defendants.

**RESPONSE TO DEMAND NO. 32**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

33.     All documents concerning descriptions of any Plaintiff's job duties and assignments upon commencing employment with Defendants, including documents reflecting any modifications or revisions to such duties and assignments.

**RESPONSE TO DEMAND NO. 33**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

34.     Any and all documents concerning Plaintiff's employment by any or all of the Defendants, including, but not limited to, any and all documents concerning:

    a.   the dates Plaintiffs began working for any of the Defendants;

    b.   the dates Plaintiffs stopped working for any of the Defendants;

    c.   any and all payroll records concerning the Plaintiffs, including, but not limited to, documents concerning the number of hours for each week that Plaintiffs worked for any or all of the Defendants during the relevant period, and documents concerning the amount of compensation (net or gross) that Plaintiffs received for each week that they worked during the relevant period;

    d.   any and all statements to the Plaintiffs concerning payments of any and all tips, or bonuses to the Plaintiffs during the relevant period, inclusive;

    e.   all documents relating to any deductions any of the Defendants made from the wages of any Plaintiff, regardless of the reason;

     f.   time-sheets or sign-in sheets showing the hours worked by Plaintiffs for each day that they worked or the period during the relevant period, inclusive;

     g.   schedule of Plaintiff's working hours;

     h.   the Plaintiff's job duties, assignments and responsibilities at Defendants;

     i.   checks and/or paystubs given to Plaintiffs for each pay period for which they were paid;

     j.   any and all documents from the Plaintiff's personnel files;

     k.   any and all evaluations, write-ups, warnings, or disciplinary actions taken concerning the Plaintiffs;

     l.   any and all documents concerning the termination of the Plaintiff's employment with any of the Defendants;

     m.   any and all documents given to the Plaintiffs concerning employment policies;

     n.   all documents concerning or reflecting the hours each Plaintiff worked, including without limitation punch cards, timesheets, timecards, and work logs.

## **RESPONSE TO DEMAND NO. 34**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

35.    All documents concerning the method of computation and/or the amount of compensation received by Plaintiffs during their employment with Defendants, including, without limitation, the following:

     a.  all payroll records;

     b.  copies of Plaintiff's' paychecks;

     c.  paycheck receipts;

     d.  records of cash payments;

    e.  records of tips, compensation therefore, and accounting therefore;

    f.  records of commissions, compensation therefore, and accounting therefore;

    g.  records of vacation;

    h.  records of holiday, and/or sick pay;

    i.  records of bonuses; and

    j.  records of pay summaries.

**<u>RESPONSE TO DEMAND NO. 35</u>**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

36.      Where not already produced, all documents or records required to be maintained by any Defendant concerning any Plaintiff by reason of their being an employee under the Fair Labor Standards Act or the New York Labor Law, or the rules and regulations issued thereunder (such as those required under 29 C.F.R. 516).

**<u>RESPONSE TO DEMAND NO. 36</u>**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

37.      All documents concerning any deductions made in the wages of Plaintiffs for meal breaks or rest breaks.

**<u>RESPONSE TO DEMAND NO. 37</u>**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

38.      All documents that reflect or demonstrate the date and time of Plaintiff's' meal and/or rest breaks, if any.

**RESPONSE TO DEMAND NO. 38**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

39.        All documents concerning any deductions any Defendant made from the wages of any Plaintiff for meals, board, lodging, or use of other facilities.

**RESPONSE TO DEMAND NO. 39**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

40.        All documents concerning tips or other similar payment received by Plaintiffs.

**RESPONSE TO DEMAND NO. 40**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

41.        All documents concerning commissions or other similar payment received by Plaintiffs.

**RESPONSE TO DEMAND NO. 41**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

42.        All documents concerning any deductions any Defendant made from the wages of any Plaintiff for any reason.

**RESPONSE TO DEMAND NO. 42**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

43.        All documents showing, on a daily basis, tips received and tips deducted, the amount of tip credit claimed by the Defendants regarding Plaintiff's compensation for each pay 17 period, and any document providing notice to Plaintiffs that they were to be paid less than the minimum wage because Defendants were claiming a tip credit.

**RESPONSE TO DEMAND NO. 43**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

44.     For the past six (6) years, all documents relating to payments or other transaction between Plaintiffs and Defendants not covered by the foregoing, including, but not limited to fines, loans, and all other payment.

**RESPONSE TO DEMAND NO. 44**

Defendants object to the demand, as the demand prematurely seeks information that is solely appropriate after the issuance of judgment against Defendants and is then more rightly brought by an informational subpoena, not the aforementioned demands by Plaintiffs.

45.     All computers, laptop computers, or other electronic data storage device (or in lieu thereof, a "data mirror" of any and all relevant data contained on such electronic data storage device in a readily accessible format) in which information as to any Plaintiff's work hours and/or compensation was entered and/or stored.

**RESPONSE TO DEMAND NO. 45**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

46.     Any document concerning Plaintiffs, not otherwise identified above, in the custody or control of any of the Defendants. Hours Worked

**RESPONSE TO DEMAND NO. 46**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

47.     Any record of the amount of time worked by Class or Collective Members during the relevant period, including records maintained by Defendants, Defendants' human resources department, managers, information technology department, Class or Collective Members themselves (including hours surveys), other employees of Defendants, third parties through billing systems, or through any telephonic or manual time-keeping systems, PRIME, TUT, eLink, or other systems.

**RESPONSE TO DEMAND NO. 47**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

48.     All documents that refer or relate to Defendants' policies, practices, and guidelines for tracking and/or keeping records of hours worked or overtime hours worked by Class or Collective Members during the relevant period.

**RESPONSE TO DEMAND NO. 48**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

49.     All documents that refer or relate to the amount of time required to perform a given task, assignment, duty, or function performed by Class or Collective Members during the relevant period.

**RESPONSE TO DEMAND NO. 49**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

50.     All documents that refer or relate to policies or practices that applied during the relevant period regarding minimum, recommended, suggested, permitted, or required numbers of particular Class or Collective Members or types or groups of Class or Collective Members who should, must, or will work on a given assignment, day, week, or other time period or work unit.

**RESPONSE TO DEMAND NO. 50**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

51.     All documents that refer or relate to work schedules for any Class or Collective Member during the relevant period.

**RESPONSE TO DEMAND NO. 51**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

52.     All documents that refer or relate to communications from Defendants to any individual Class or Collective Member or any Class or Collective Member's supervisors or managers responding to a request to work overtime or a request for explanation or clarification of Defendants' overtime policy during the relevant period.

**RESPONSE TO DEMAND NO. 52**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

53.     All documents that refer or relate to studies, data, reports, evaluations, research, and/or recommendations regarding workload limits or guidelines for Class or Collective Members.

**RESPONSE TO DEMAND NO. 53**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

54.     All documents that refer or relate to the functioning of any timekeeping system that captures information regarding the hours worked by Class or Collective Members, PRIME, TUT, and e-Link.

**RESPONSE TO DEMAND NO. 54**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

55.     All documents that record compensation due or received for any overtime worked by any Class or Collective Member during the relevant period.

**RESPONSE TO DEMAND NO. 55**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

**Job Descriptions**

56.     All documents that refer or relate to job descriptions for any Class or Collective Member that applied during the relevant period, including descriptions of the services provided by Class or Collective Members to clients within and outside of Defendants.

**RESPONSE TO DEMAND NO. 56**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

57.     All documents that refer or relate to the hiring criteria and/or qualifications used by Defendants in hiring persons for each of the job positions, titles, and codes held by any Class or Collective Member during the relevant period.

**RESPONSE TO DEMAND NO. 57**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

**Job Duties, Training, Evaluation, Supervision, and Measurement**

58.     All documents that refer or relate to job duties and/or responsibilities for each of the job positions, titles, and codes held by Class or Collective Member during the relevant period.

**RESPONSE TO DEMAND NO. 58**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

59.     All documents that refer or relate to the instructions, policies, procedures, or guidelines that any Class or Collective Member was required or recommended to follow in performing any job task, assignment, duty, or function during the relevant period.

**RESPONSE TO DEMAND NO. 59**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

60.     All documents that refer or relate to the training of any Class or Collective Member in the performance of his or her work, whether live, by computer, or other means; including curricula, syllabi, training materials, handouts, overhead transparencies or their equivalent, instructors' materials, handouts, tests and answer keys, and videos; including internally produced documents and documents produced by third parties, for use by Class or Collective Members during the relevant period.

**RESPONSE TO DEMAND NO. 60**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

    61.     All documents that refer or relate to the policies and procedures for evaluation, review, and/or discipline of Class or Collective Members that applied during the relevant period.

**RESPONSE TO DEMAND NO. 61**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

    62.     All documents that refer or relate to the supervision of any Class or Collective Member(s) during the relevant period, including Defendants' supervisory structure and levels of supervision; the day-to-day supervision of Class or Collective Members; the policies, practices, procedures, forms, methods, rules, standards, and guidelines for any training of supervisors; any quality control relating to supervisors or evaluation of supervisors.

**RESPONSE TO DEMAND NO. 62**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

    63.     All documents that refer or relate to the monitoring of Class or Collective Members' work, tasks, performance, or productivity, including monitoring through systems such as PRIME, TUT, and e-Link.

**RESPONSE TO DEMAND NO. 63**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

    64.     All documents that refer or relate to any measures Defendants used during the relevant period to ensure the quality, consistency, or reliability of the work performed by Class or Collective Members, including quality control criteria; quality control auditing procedures; quality control auditing schedules; quality control auditing reports; quality control compliance documentation; online knowledge databases or document repositories; and procedures and forms used to track the quality, consistency, or reliability of Class or Collective Members' work.

**RESPONSE TO DEMAND NO. 64**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

    65.     All documents that refer or relate to how Defendants measured the productivity of Class or Collective Members during the relevant period, including through PRIME, TUT, and eLink.

**RESPONSE TO DEMAND NO. 65**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

    66.     All documents that refer or relate to Class or Collective Members' compliance with company or industry work standards during the relevant period, including quality control, auditing procedures, auditing schedules, auditing reports, compliance documentation, and procedures and forms used to track compliance.

**RESPONSE TO DEMAND NO. 66**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

**Exemption Status and Decisions**

    67.     Documents sufficient to show each Class or Collective Member's exempt or nonexempt classification status (whether at Defendants or another company) throughout the relevant period.

**RESPONSE TO DEMAND NO. 67**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

    68.     All documents that refer or relate to Defendants' decision to classify Class or Collective Members as exempt from overtime and its consideration of whether to classify or reclassify Class or Collective Members as exempt or nonexempt, including analyses, investigations, and assessments of whether to classify Class or Collective Members as exempt or nonexempt or whether to consider their classification status. This request applies to documents during and before the relevant period.

**RESPONSE TO DEMAND NO. 68**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

69.     All documents that refer and relate to whether Class or Collective Members are exempt from entitlement to overtime pay under state and/or federal law, including all communications within Defendants, between Defendants and any other corporation or organization, and between Defendants and any advisor or consultant. This request applies to documents during and before the relevant period.

**RESPONSE TO DEMAND NO. 69**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

70.     All documents that refer or relate to communications between Defendants and Class or Collective Members during the relevant period regarding entitlement to overtime pay or exemption from state and federal overtime laws.

**RESPONSE TO DEMAND NO. 70**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

**Compliance and Complaints**

71.    All documents that refer or relate to audits, investigations, inquiring, or studies, by Defendants or any third party, including any consultant, business partner, independent auditor, organization, law firm, union, or governmental agency, during or before the relevant period, regarding:

a. Defendants' compliance and/or non-compliance with any state and/or federal wage and hour laws as to Class or Collective Members;

b. Defendants' compliance with requirements to pay workers all wages due and/or for all hours worked;

c. Defendants' compliance with requirements to keep accurate records of the time worked by Class or Collective Members it has classified as exempt.

**RESPONSE TO DEMAND NO. 71**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

72.      All documents that refer or relate to complaints, grievances, and/or expressions of concern, whether formal or informal (and whether written or oral), by any of Defendants' employees, a union, or governmental body, whether the complaint was made to one of Defendants' employees, a union, pension plan, or governmental body, asserting that Defendants:

   a. Did not pay any Class or Collective Member all wages due, including failing to pay overtime;

   b. Did not pay any Class or Collective Member for all work performed for Defendants;

   c. Did not record hours of work performed by any Class or Collective Member; and/or

   d. Inaccurately recorded hours of work performed by any Class or Collective Member.

This request applies to documents during and before the relevant period.

**RESPONSE TO DEMAND NO. 72**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

73.      All documents, including notes, memoranda, electronic mail, letters, and/or meeting minutes, that refer or relate to:

   a. Defendants' compliance and/or non-compliance with wage and hour laws as to Class or Collective Members;

   b. Defendants' failure to pay Class or Collective Members all wages due and/or for all hours worked; c. Defendants' failure to record hours of work performed by any Class or Collective Member; and/or

   d. Defendants' failure to accurately record hours of work performed by any Class or Collective Member. This request applies to documents during and before the relevant period.

**RESPONSE TO DEMAND NO. 73**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

74.　　　All documents that refer or relate to federal or state lawsuits or charges or complaints filed with any administrative agency by any Class or Collective Member seeking overtime pay and/or seeking a determination that such person is not exempt from overtime.

**RESPONSE TO DEMAND NO. 74**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

75.　　　All documents that refer or relate to requests by Defendants or any trade group of which Defendants are members, submitted to any administrative agency or state or federal governmental entity relating to whether Class or Collective Members or any subset thereof are exempt or nonexempt from overtime. This request applies to documents during and before the relevant period.

**RESPONSE TO DEMAND NO. 75**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

76.　　　All documents that refer or relate to rulings, decisions, or opinions rendered by any federal or state court or administrative agency relating to whether any of Defendants' employees are exempt or nonexempt from overtime. This request applies to documents during and before the relevant period. Related Litigation

**RESPONSE TO DEMAND NO. 76**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

77.　　　All discovery previously produced by Defendants in any litigation involving the exemption status under state and/or federal overtime laws of Class or Collective Members. This request applies to documents during and before the relevant period. Miscellaneous

**RESPONSE TO DEMAND NO. 77**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

    78.       All documents that refer or relate to any systems or applications used by Defendants during the relevant period to bill a client or an entity within Defendants (including a subsidiary or division) for work performed by any Class or Collective Member, whether such billing results in payment or not.

**RESPONSE TO DEMAND NO. 78**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

    79.    All documents that refer or relate to reports, recommendations, evaluations, and/or studies of the structure, staffing, methods, policies, workflow, or procedures of Defendants' information systems or business systems.

**RESPONSE TO DEMAND NO. 79**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

    80.    All applicable insurance agreements under which any insurer may be liable to satisfy all or part of any judgment which may be entered in this litigation or to indemnify or reimburse for payments made to satisfy all or part of any judgment.

**RESPONSE TO DEMAND NO. 80**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

    81.    All documents concerning policies, procedures, and guidelines for data retention related to any Defendant's computers, computer systems, electronic data, and electronic media, including, but not limited to, electronic data retention, backup, archival, preservation, and destruction schedules.

**RESPONSE TO DEMAND NO. 81**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

    82.      Documents sufficient to show current and past contact information, including work and personal address, telephone number, and email address information, as well as dates of employment, of the individuals who supervised or managed Plaintiffs or any Class or Collective Members during the relevant period.

**RESPONSE TO DEMAND NO. 82**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

    83.      All documents identified in response to any of Plaintiff's interrogatories (whether now issued or issued in the future) to Defendants (whether to the corporate Defendants DIAMOND NAIL SALON, LLC d/b/a Diamond Nail & Spa; and GREENWICH NAILS & SPA, LLC d/b/a Diamond Nail & Spa and/or the individual Defendants GUI BIAO QI a/k/a Guibiao Qi a/k/a Leo Qi, ELAINE BAO a/k/a Elaine Ying Bao a/k/a Elaine Y Bao a/k/a Ying Bao a/k/a Helen Bao a/k/a Ellen Bao, and JOSE F ROJASs).

**RESPONSE TO DEMAND NO. 83**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

    84.      All written or recorded statements, either under oath or otherwise, made by Plaintiffs or by Defendants concerning the subject matter of this litigation.

**RESPONSE TO DEMAND NO. 84**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 001924 – 0002445, annexed hereto.

    85.      All documents concerning the transfer or movement of supplies, food or goods between the locations owned or businesses controlled by Defendants.

**RESPONSE TO DEMAND NO. 85**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

86.     All documents concerning the purchase, sale, or transfer of any business and/or its interests or shares to or from any Defendant and/or its buyers or sellers.

**RESPONSE TO DEMAND NO. 86**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

87.     All documents concerning the sale of goods produced or handled by Plaintiffs in any other business or entity controlled by Defendants.

**RESPONSE TO DEMAND NO. 87**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

88.     All documents concerning the posting of any required notices to employees, such as those required by the New York State Dept. of Labor, and the U.S. Dept. of Labor.

**RESPONSE TO DEMAND NO. 88**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

89.     Any and all documents related to the chain of title for FUJI HANA RESTAURANT CORP d/b/a Fuji Hana Kosher Japanese Restaurant d/b/a Fuji Hana at 512 Avenue U, Brooklyn , NY.

**RESPONSE TO DEMAND NO. 89**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

90.     Any documents not already produced in response to any request above, in the custody or control of any of the Defendants.

**RESPONSE TO DEMAND NO. 90**

No additional documents exist that are responsive to the Plaintiffs' demands, other than those previously disclosed. See Bates Stamped Production 000001 – 0003189, annexed hereto.

91.     Any documents not already produced in response to any request above, that Defendants may use in support of or opposition to any dispositive motion.

**RESPONSE TO DEMAND NO. 91**

No additional documents exist.

92.     Any documents not already produced in response to any request above, that Defendants may use at trial of this action.

**RESPONSE TO DEMAND NO. 92**

No additional documents exist.

Dated:  Great Neck, New York
       November 29, 2023                   JOHNSON LITIGATION GROUP, P.C.

                                           By:    Kevin S. Johnson, Esq.
                                           *Attorneys for Defendants*
                                         1 Linden Pl, Suite 207
                                         Great Neck, NY 11021
                                         O: (646) 590 -0571
                                         C: (929) 801 – 0505
                                         kjohnson@jlitlaw.com