UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
Desheng Lin, *on his own behalf and on behalf of others similarly situated*,

Case No.: 23-cv-09329

*Plaintiffs*,

-*against*-

Fuji Hana Restaurant Corp. d/b/a Fuji Hana Kosher Japanese Restaurant d/b/a Fuji Hana, Lorraine Gindi, Estate of Isadore Gindi, *by executor, Raymond Betesh*, Isadore Natkin, and Jack Cohen,

*Defendants*.
------------------------------------------------------------------------X

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS'
SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendants Defendants Fuji Hana Restaurant Corp. (d/b/a Fuji Hana Kosher Japanese Restaurant) (d/b/a Fuji Hana), Lorraine Gindi, Estate of Isadore Gindi, by executor Raymond Betesh, Isadore Natkin, and Jack Cohen (collectively, the "Defendants") by and through their undersigned attorneys, as and for their responses to Plaintiffs Desheng Lin, Yunyan Gao, Siu Na Chan, Darren Klemons and Mingxing Jiang (collectively, the "Plaintiffs") Second Request for Production of Documents, respond as follows:

These responses are made solely in relation to the above-captioned action, and are proffered only for the purpose of responding to the Plaintiffs' Request. All responses are subject to the objections noted below. Defendants reserve the right to object on any ground to 1) the admissibility or use of any information provided herein in any subsequent stage or proceeding in this or any other action; and 2) any other discovery procedure relating to the subject matter of this Request. Additionally, these responses are given without prejudice to Defendants' right to produce

at a later date and/or rely at trial upon information that is subsequently discovered or inadvertently omitted.

## **GENERAL OBJECTIONS AND LIMITATION TO ALL REQUESTS**

Defendants hereby incorporate by reference each of the following General Objections and Limitations ("General Objections") in their responses to each specific Request as if specifically set forth therein, in addition to such other specific and further objections to each Request as noted in each response. Any such specific objections to a particular Request shall not be construed as a waiver of any of Defendants' General Objections, and any reference to or restatement of a General Objection in the response to a particular Request shall not limit that General Objection or waive any other General Objection. Unless otherwise specifically stated, Defendants' objections to each Request apply to the entire Request, including each and every subparagraph of each Request.

1. Defendants object to each Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, is not reasonably calculated to lead to the discovery of relevant or admissible evidence, or is in any way beyond the scope of disclosure required by the FRCP.

2. Defendants object to each Request to the extent that it is duplicative, unreasonably cumulative, unduly burdensome, oppressive or unduly expensive to answer.

3. Defendants object to each Request that it calls for a legal conclusion.

4. Defendants object to each Request to the extent that the information requested is a matter of public record or is already in the possession of Plaintiffs (including without limitation any documents already produced in this matter), or that the burden of obtaining the information would otherwise be less or substantially the same for Plaintiffs as for Defendants.

5. Defendants object to each Request to the extent that they seek documents generated subsequent to the commencement of this litigation, on the grounds that such Requests seek information either not relevant to the subject matter of the litigation, and/or not reasonably calculated to lead to the discovery of admissible evidence.

6. Defendants object to each Request to the extent that it seeks the production of information or documents protected from discovery by any privilege, including the attorney-client privilege (including without limitation documents prepared in anticipation of litigation by or for Defendants or their attorneys (or any agents or representatives of Defendants or their attorney), or documents or information which would disclose the mental impressions, conclusion, opinions, or legal theories of attorneys or other agents or representatives of Defendants concerning any matters at issue in this litigation) or any other applicable privilege, immunity, or limitation on discovery. To the extent any protected information is produced or otherwise disclosed, such production or disclosure is inadvertent, and Defendants shall not be deemed to have waived any privilege with respect to that or any other information.

7. Defendants object to each Request to the extent that it is not limited to a specific time period relevant to the matter or exceeds the applicable statute of limitations.

8. Defendants object to each Request to the extent it seeks personal or confidential information (including without limitation employment and financial information) concerning individuals or entities not involved in this action.

9. Defendants object to each Request to the extent that it calls for speculation, is vague or ambiguous, or otherwise alleged agents or representatives of Defendants who are not subject to Defendants' control, or to the extent that such information would violate any privacy interests or other rights of alleged agents or representatives.

10. Defendants object to each Request to the extent that it seeks information from any former, apparent, or otherwise alleged agents or representatives of Defendants who are not subject to Defendants' control, or to the extent that such information would violate any privacy interests or other rights of alleged agents or representatives.

11. Defendants object to each Request to the extent that it seeks information that was not created by Defendant, or is not currently in the possession, custody, or control of Defendant, or seeks to impose upon Defendants an obligation to acquire, review, or otherwise have knowledge of information that is in possession of others.

12. Defendants object to Requests seeking the production of "all" documents on the ground that such Requests are overbroad and Defendants cannot be certain that "all" responsive documents are located. Defendants have and will continue to undertake a reasonable search for documents responsive to the Requests, consistent with the responses to the Requests, and will produce non-objectionable and non-privileged documents, if any, that Defendants are able to locate as a result of such search.

13. Defendants object to the Requests as premature to the extent that they seek facts, documents, or information related to a class or collective because no class or collective has been certified (conditionally or otherwise) in this case.

14. Defendants object to the Requests to the extent that they seek to encompass electronically stored information ("ESI") materials that exist only in backup and/or archive files, and which are unreasonably burdensome to access. Defendants will not be searching backup or archive files.

Without waiving the General Objections or any objections set forth in response to specific Requests, Defendants respond, within the limits of these objections, as set forth below.

**RESPONSES & OBJECTIONS**

1. Identification card of Defendant Isadore Natkin (Driver's license is fine).

**Response**: Defendants object to this Request on the grounds that it seeks information not relevant or material to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendants are willing to meet and confer with Plaintiffs to limit the scope of the information being sought to non-objectionable documents and/or information.

2. Any and all of the Lease Agreements, Amendments to the Lease Agreements thereof, its chains of Assumption and Assignment of the Lease, Consent thereto in connection with the restaurant FUJI HANA RESTAURANT CORP. d/b/a Fuji Hana located at 77A Main Street, Hempstead, New York 11550 between tenant FUJI HANA RESTAURANT CORP d/b/a Fuji Hana and its landlord, TONY VULPIS.

**Response**: Defendants object to this Request on the grounds that it seeks information not relevant or material to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request on the grounds that it is not proportional to the needs of the case considering that the burden and expense of the requested discovery outweighs its likely benefit. Defendants further object to this Request on the ground that it seeks confidential information regarding non-parties to this litigation.

3. Documents sufficient to identify the telephone number, email address, and address of all Certified Public Accountants or private accountants utilized by FUJI HANA RESTAURANT CORP d/b/a Fuji Hana for its employee payroll from 2016 to the present day, including but not limited to Curt Grannit.

**Response**: Defendants object to this Request on the grounds that it seeks information not relevant or material to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request on the grounds that it is not proportional to the needs of the case considering that the burden and expense of the requested discovery outweighs its likely benefit. Defendants further object to this Request on the ground that it seeks confidential information regarding non-parties to this litigation. Subject to and without waiving the foregoing objections, Defendants are willing to meet and confer with Plaintiffs to limit the scope of the information being sought to non-objectionable documents and/or information.

4. Any and all documents concerning the Class Member's time records for work performed on behalf of the Defendants, including, but not limited to, any and all documents concerning:

   a. time-sheets or sign-in sheets showing the hours worked by Plaintiffs for each day that they worked or the period during the relevant period, inclusive;
   b. schedule of Plaintiff's working hours.
   c. A sampling thereof is acceptable alternative to the full production.

   **Response**: Defendants object to this Request on the grounds that it is vague and ambiguous, insofar as the term "Class Member" is undefined. Defendants further object to this Request on the grounds that it seeks information not relevant or material to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, insofar as the Request seeks "[a]ny and all documents concerning…" time records. Defendants further object to this Request on the grounds that it is not proportional to the needs of the case considering that the burden and expense of the requested discovery outweighs its likely benefit. Subject to and without waiving the foregoing objections, Defendants are willing to meet and confer with Plaintiffs to limit the scope of the information being sought to non-objectionable documents and/or information.

5. Any text messages between any of the Defendants and any of the Plaintiffs, including any messages between Isadore Natkin and De Sheng Lin a/k/a Jimmy Lin.

   **Response**: Defendants object to this Request on the grounds that it seeks information not relevant or material to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, insofar as it is not limited in time and to the extent that it is not limited in scope to the relevant time period raised in the Complaint. Subject to and without waiving the foregoing objections, no additional documents exist that are responsive to this Request, other than those previously disclosed. *See* Bates Stamped Production 000001 – 0003189.

6. Any text messages between or among any of the Defendants pertaining to either Plaintiff (named or opt in Plaintiffs in the federal or state action) or any allegations or defenses in this action.

   **Response**: Defendants object to this Request on the grounds that it seeks information not relevant or material to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, insofar as it is not limited in time and to the extent that it is not limited in scope to the relevant time period raised in the Complaint. Subject to and without waiving the foregoing objections, no additional documents exist that are responsive to this Request, other than those previously disclosed. *See* Bates Stamped Production 000001 – 0003189.

7. Tip records of Jimmy Lin, Sandy Gao during their employment with Fuji Hana.

**Response**: Defendants object to this Request on the grounds that it is vague and ambiguous, insofar as the term "Jimmy Lin" is undefined. Defendants further object to this Request on the grounds that it is vague and ambiguous, insofar as the term "Sandy Gao" is undefined. Subject to and without waiving the foregoing objections, no additional documents exist that are responsive to this Request, other than those previously disclosed. *See* Bates Stamped Production 000001 – 0003189.

8. Metadata of the tip records of Jimmy Lin and Sandy Gao during their employment with Fuji Hana Restaurant Inc., including Square Online Site as well as point of sale system.

**Response**: Defendants object to this Request on the grounds that it is vague and ambiguous, insofar as the term "Jimmy Lin" is undefined. Defendants further object to this Request on the grounds that it is vague and ambiguous, insofar as the term "Sandy Gao" is undefined. Subject to and without waiving the foregoing objections, no additional documents exist that are responsive to this Request, other than those previously disclosed. *See* Bates Stamped Production 000001 – 0003189.

9. Reproduction of the tip receipts for all the delivery workers working at Fuji Hana in 2020 to the present day.

**Response**: Defendants object to this Request on the grounds that it is vague and ambiguous, insofar as the term "tip receipts" is undefined. Defendants further object to this Request on the grounds that it is not proportional to the needs of the case considering that the burden and expense of the requested discovery outweighs its likely benefit. Subject to and without waiving the foregoing objections, no additional documents exist that are responsive to this Request, other than those previously disclosed. *See* Bates Stamped Production 000001 – 0003189.

Dated: New York, New York
July 30, 2024

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: /s/ Jason Mizrahi
Jason Mizrahi
60 East 42nd Street, Suite 4700
New York, New York 10165
Tel. No.: (212) 792-0048
Email: Jason@levinepstein.com
*Attorneys for Defendants*