# TROY LAW, PLLC
ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324   troylaw@troypllc.com   Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 110, Flushing, NY 11355

January 20, 2025

*Via* **ECF**
Hon. James R. Cho, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East,
Brooklyn, New York 11201

Re:   Joint Status Report
**1:21-cv-03832-EK-JRC Lin,** *et al v.* **Fuji Hana Restaurant Corp.** *et al*

Your Honor,

We write jointly the Defendants' counsel to respectfully report the status of the case pursuant to Your Honor's Individual Motion Practice Rules F(4), and the directives contained in Your Honor's December 12, 2024 Minute Entry for Status Conference following an in person conference on January 10, 2025 in which Plaintiff's Motion to Compel was discussed. *See* Docket Order dated December 12, 2024.

**Plaintiffs' Position**

On January 13, 2025, Plaintiff received a revised Response to Plaintiff's Second and Third Request for Documents. *See* **Exhibits 1 and 2**. The following matters remain un-resolved.

I.   **Second Production of Documents**

***Deficiency as to Response No. 4:*** Defendants identify D 001-240 as documents responsive to the class members' time records for work performed on behalf of the Defendants. However, Defendants only produced four pages of the "Employee One Line Summary" from Valiant Payroll Services, for a period covering January 1, 2017 to December 31, 2017 (D 001-002), January 1, 2018 to December 2018 (D028), and January 1, 2019 through December 31, 2019 (D 029). The summary information does not show the number of hours each of the putative class members worked, but instead shows their yearly income. Defendants further produced a "Payroll Register" from Valiant for "Lin, Chun" and "Klemmons, Darren" (D 032-054, 055). This shows that Defendants are able to produce the week-to-week "Payroll Register" from Valiant for individual class members (of a class sampling) using the computer system but chose to not produce. In their response, Defendants do not identify any particularized ground besides making a general objection that the production will be overly burdensome, an objection that is interposed for each response. As such, Defendants will need to provide week-by-week class samplings for an agreed upon class sample. *See* Exhibit 3 and 4 for "Employee One Line Summary" and "Payroll Register" from Valiant Payroll.

***Deficiency as to Response No. 5 through 9:*** With respect to requests 5-9, provided Defendants include a statement that there are no other documents in their possession, custody and control, we are fine with the responses, notwithstanding the fact that Defendants once again included Bates Index that refer to non-responsive documents: for instance in response to request 5 for text messages between Isadore Natkin and Plaintiff Desheng Lin, including text messages with Sandy and Isadore Natkin, Darren and Isadore Natkin, Daisy and Lorraine Gindi.

## II.  Third Production of Documents Requests No. 1-2

***Deficiency as to Response No. 1-2:*** Similar to Defendants' putatively improper response to Second Production Request No. 4, Defendants have provided identical responses for Responses 1-2. Thus, the response suffers the same infirmities, namely in the non-production of time and pay records for the class, other than in a yearly summary format which is not usable for a potential class motion. That is especially problematic because it is clear that the handwritten documents, for instance, have nothing to do with Valiant Payroll, and ADP, the service provider used by Fuji Hana prior to 2017, production was not produced with respect to the class.

***Deficiency as to Response No. 3:*** With respect to requests 3, given that Defendants have failed to produce documents relating to ADP in their response, they should be required to produce such documents with respect to the class.

***Deficiency as to Response No. 4:*** With respect to request 4, provided Defendants include a statement that there are no other documents in their possession, custody and control, we are fine with the responses.

Per the conference at the Court, Defendants were to work out with Plaintiffs how the class sampling is to proceed. Defendants have made no efforts to work out a class sampling. In light of Defendants' argument which is that a meet and confer may resolve the issues, Plaintiffs welcome Defendants to discuss the class sampling during the meet and confer but a name list for the class will need to be produced from which an election can be made. Plaintiffs at this time seek 25% (1/4 ) of the records of the putative class, to be selected once a list of names, their positions, and work dates have been provided to the Plaintiffs.

At this time, Plaintiffs are working in good faith with Defendants notwithstanding the repetitive efforts to "redo" discovery notwithstanding the fact that previous counsel already represented that depositions are complete, but will reiterate that this will lead to higher attorneys' fees and costs as a result.

**Defendants' Position:**

## I.  Status of Defendants' Responses to Plaintiffs' Discovery Requests

Following an in-person status conference held on December 11, 2025, the Court directed Defendants to supplement their responses and objections to Plaintiffs' Second Requests for the Production of Documents, and their responses and objections to Plaintiffs' Third Requests for the Production of Documents, as follows:

By 1/13/2025, defendants shall[:]

[1]   identify any text messages they are withholding on the basis of their objections;

[2]   produce the leases requested;

[3]   produce deposition transcripts signed by the deponent or indicate that they are waiving the signature requirement; and

[4]   supplement their responses to document requests by identifying by bates stamp number those documents that were produced in response to specific requests[.]

[*See* 12/11/2025 Minute Entry for Discovery Conference].

On January 13, 2025 at 2:41 p.m., Defendants' produced:
1. an additional 316 individual pages of records, including (i) 278-individual pages of text messages between the parties; and (ii) 38-individual pages of a commercial lease for the subject premises;
2. an affirmative statement, that Defendants were waiving the signature requirement with respect to the deposition transcripts; and
3. supplemental responses to: (i) Plaintiffs' Second Requests for the Production of Documents; and to (i) to Plaintiffs' Third Requests for the Production of Documents; identifying by bates stamp number the documents produced in response to specific requests.

As of the date of this filing, Defendants have produced a total of 600-individual pages of records, as well as multiple video recordings. Thus, Defendants have faithfully and fully complied with the directives in Your Honor's December 11, 2025 Order.

## II.   Status of the Parties' Meet-and-Conferral Regarding the Scope of Class Discovery

As of the date of this filing, Defendants have produced over 240 individual pages of time records and payroll records, inclusive of records belonging to the purported "class". Defendants' fulsome production is sufficient to satisfy the scope of the requested class-wide discovery, at this juncture – prior to the filing of a motion for certification.

Moreover, Plaintiffs' counsel has not attempted to meet-and-confer with Defendants' counsel, to discuss the scope of class discovery, pursuant to the directives contained in Your Honor's December 11, 2025 Order. Rather than meeting-and-conferring with Defendants regarding the Defendants' 600+ page discovery production, Plaintiffs' counsel is seeking unnecessary and costly judicial intervention, through the instant filing.

## III.   Plaintiffs' January 20, 2025 Discovery Responses

On January 20, 2025, Plaintiffs' produced their responses and objections to Defendants' requests for the production of documents and interrogatories.

On January 21, 2025, Defendants' counsel requested Plaintiffs' counsel to provide their availability to meet-and-confer, to address the deficiencies in Plaintiffs' production. The parties are optimistic that the deficiencies can be cured, before seeking Court intervention.

Thank you, in advance, for your time and attention to this matter.

TROY LAW, PLLC<br>
*Attorneys for the Plaintiff*<br>
By: /s/ John Troy<br>
John Troy

cc: *via* ECF
   /mh