# TROY LAW, PLLC

ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324   troylaw@troypllc.com   Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 110, Flushing, NY 11355

November 4, 2025

<u>Via ECF</u>
Hon. Magistrate Judge James R. Cho
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: **Response to Defendants' Procedurally Improper Motion to Compel**
    <u>*Lin et al v. Fuji Hana Restaurant Corp et al,*</u> **No. 1:21-cv-03832-NCM-JRC**

Your Honor,

  We represent the Plaintiffs in the above referenced matter. We write in response to Defendants' procedurally improper motion to compel, which in defiance of the Court's Individual Rules at F.4. was not made after a good faith meet and confer, was not filed as a single letter, jointly composed, was not limited to three pages. Due to the fact that the conference was scheduled on very short notice for November 5, 2025, Plaintiffs file the below response. The relief sought in the motion was caused by Defendants' own bad faith in requiring Plaintiffs to attend a <u>second</u> deposition based on Defendants' previous incorrect representations to the Court concerning their entitlement to further depositions after their previous counsel have in multiple joint status reports marked the depositions as complete. There have been no production by the <u>Plaintiffs</u> but <u>Defendants</u> and Defendants make no showing as to why (other than their purported need to ask questions pertaining to the class—which as the transcript excerpts demonstrate—were already asked) as to why additional time was required, especially as Defendants' counsel has caused substantial delays in the case in failing in their discovery obligations over multiple months. To date, Defendants' counsel has not articulated any reason other than they want to take the maximum allowed under the Fed. R. Civ. P. without keeping in mind that the previous counsel have already marked the depositions as complete.

**Relevant Procedural History**

  The recent relevant procedural history is set forth as follows: the Court, in its Minute Entry for Motion Hearing held on August 14, 2025, ordered that the parties shall file their joint pretrial order by August 17, 2025. In the same order, the Court found that "good cause exists for defendants to reopen the deposition of four plaintiffs, limited to five hours on the record for each of the deponents, where plaintiffs were previously deposed, on average, for two hours only, by former counsel for defendants, and deponents were not questioned regarding class claims." Given that both (1) the amount of time that was estimated by the Defendants' counsel for the Plaintiffs having been deposed and (2) the lack of class related questions in the depositions already conducted were based on incorrect representations by the Defendants' counsel to the Court, Plaintiffs filed a Motion for Reconsideration. While it is true the Court did deny the Plaintiff's Motion for Reconsideration to the above-mentioned portion of the August 14, 2025 order, the fact that Defendants' counsel resorted to litigation tactics such as giving the Court the incorrect information

Hon. Magistrate Judge James R. Cho
November 4, 2025
*Lin et al v. Fuji Hana Restaurant Corp et al,* **No. 1:21-cv-03832-NCM-JRC**
Page 2 of 3

with respect to both the length of the deposition that had already taken place as well as pertaining to the types of questions that were asked militate toward not giving the Defendants an additional opportunity to re-depose the Plaintiffs when prior counsel already indicated that all depositions were complete, as set forth through multiple joint status reports to the Court.

**The Discovery Dispute**

The Court, in its Minute Entry for Status Conference held on October 28, 2025, extended the fact discovery deadline to November 14, 2025 for the limited purpose of completing the reopened depositions after telephonic conference. The Court likewise ordered the parties to commence dispositive motion practice or move for class certification, as well as file their joint pretrial order by November 17, 2025.

It wasn't until three days later, on Friday, October 31, 2025 when Defendants' counsel, Mr. Jason Mizrahi, sent our office four notices of deposition, with the depositions scheduled for **four separate days, from November 10 to November 13, 2025** despite knowing that Plaintiffs' law firm has an extremely congested schedule and Plaintiffs have to take off for the express purpose of attending these re-depositions that were procured based on incorrect representations to the Corut by Defendants' counsel.

We responded accordingly on November 1, 2025 that we are **available only on November 11 and 13** and sought Defendants' counsel to confirm that the depositions will be done via Zoom conference. We noted that we will only proceed if Defendants' counsel stipulates to conduct the depositions through Zoom conference, as agreed upon previously, and to agree not to argue against the hours assessed due to Defendants' intention to re-depose Plaintiffs without good cause or for cause that is proven to be incorrect.

Mr. Mizrahi did not acknowledge our response and instead emailed our office separately on November 3, 2025 on purpose to again mislead the Court with attachments that do not include our responses to ask whether our clients require interpreters for their depositions. On that same day, he conveniently disregarded the Court's Individual Rules with respect to discovery disputes, having completely ignored Plaintiffs' scheduling request and jumped the gun to write to the Court.

In response, we reiterated that we are available only on November 11 and 13 and sought confirmation of their intent to proceed. In response, Mr. Mizrahi today indicated the intent to proceed with the depositions as noticed, insisting that "[i]t is not possible to complete four (4) depositions, spanning five (5) hours each, in only two (2) days." Notably, Mr. Mizrahi simply picked four days of five working days of the week of November 17, 2025 disregarding Plaintiffs' counsel's extremely congested calendar schedule while Plaintiffs' counsel provided two of the four days chosen by Mr. Mizrahi with a request for him to confirm that he intended to proceed forthwith, but was beset by an utter belligerence frankly unbecoming of the profession.

The fact of the matter is that Defendants ought not be able to benefit from having previously made incorrect representations to the Court concerning both the length as well as the nature of the

Hon. Magistrate Judge James R. Cho
November 4, 2025
*Lin et al v. Fuji Hana Restaurant Corp et al,* No. 1:21-cv-03832-NCM-JRC
Page 3 of 3

questions already asked. The implications that Mr. Johnson was somehow not in a fit state of mind simply isn't supported by the evidence in the form of deposition transcripts.

      The Court's Order on October 27, 2025 was clear: **depositions have to be complete by November 14, 2025.** The fact that Mr. Mizrahi is unavailable for the first week of November as indicated by him during the court conference does not excuse or entitle him to thrust four full days of deposition upon the Plaintiffs, especially when it was understood that the depositions will be done on an expedited basis. Defendants and their counsel had sufficient time to schedule the depositions appropriately, so as not to place the burden of having four full and consecutive days of deposition on the Plaintiffs. We note our unavailability as well as the difficulty of ensuring the presence of ourselves and of our clients for four full consecutive days, purely due to Mr. Mizrahi's apparent unavailability for the first week of November.

      We again note that we have offered an alternative of two days of deposition on November 11 and 13. Our clients are workers who require leave to attend a second deposition on November 11 and 13 and we thus require confirmation from Defendants' counsel as to the final schedule of the depositions. We submit that our proposal is fair and reasonable given the circumstances especially in light of the expedited schedule.

      Otherwise, we submit that due to Defendants' continued failure to even attempt to work with Plaintiffs to schedule these depositions, and the fact that depositions were previously marked as complete, and Defendants' articulated reasons for needing additional time for deposition turned out to be incorrect representations to the Court, that it be deemed waived in light of their conduct.

      Respectfully submitted,
      */s/ John Troy*
      John Troy
      *Attorney for Plaintiffs*

cc: via ECF
/fps