UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DESHENG LIN, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

FUJI HANA RESTAURANT CORP. d/b/a Fuji Hana Kosher Japanese Restaurant d/b/a Fuji Hana, LORRAINE GINDI, ESTATE OF ISADORE GINDI, by Executor Raymond Betesh, ISADORE NATKIN and JACK COHEN,

Defendants.

REPORT AND RECOMMENDATION

No. 21-CV-3832 (NCM) (JRC)

JAMES R. CHO, United States Magistrate Judge:

Plaintiff Desheng Lin brings this action on behalf of himself and other similarly situated current and former employees of defendants Fuji Hana Restaurant Corp., Lorraine Gindi, Isadore Gindi, Isadore Natkin and Jack Cohen (collectively, "defendants"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law ("NYLL") §§ 650 *et seq.*, *id.* §§ 190 *et seq*. *See* Compl., Dkt. 1. Currently before this Court, on referral from the Honorable Natasha C. Merle, is plaintiff's motion to certify a class of "all restaurant workers" who were employed by defendants at Fuji Hana Restaurant Corp. ("the restaurant"), from July 7, 2015 through the present, appoint plaintiff as class representative, appoint Troy Law, PLLC ("Troy Law") as class counsel, and distribute notice to putative class members. *See* Mot. to Certify Class, Dkt. 93; *see also* Dkt. 94. Defendants oppose the motion on the grounds that Troy Law is inadequate class counsel and plaintiff has not satisfied the requirements necessary to certify a class. For the reasons set forth below, this Court respectfully recommends denying plaintiff's motion for class certification.

## I. Relevant Factual and Procedural Background

Plaintiff alleges that he worked as a deliveryman at the restaurant, located at 512 Avenue U, Brooklyn, New York, from January 1, 2006 to June 21, 2021. Compl. ¶ 7; Aff. of Desheng Lin ("Lin Aff.") ¶ 3, Dkt. 21-9. Throughout his employment, plaintiff regularly worked more than 40 hours per week, but was not paid the required overtime premium. Compl. ¶¶ 42, 44-45, 53; Lin Aff. ¶¶ 12-13. From January 1, 2006 to March 1, 2020 and April 26, 2020 to September 30, 2020, plaintiff was paid a flat rate of $425 per week, which did not include an overtime premium for hours worked beyond the first forty hours per week. Lin Aff. ¶ 12.[1] From March 1, 2020 to June 21, 2021, plaintiff was paid $10 per hour for the first forty hours and $15 per hour for overtime hours. Lin Aff. ¶ 20.[2] From October 2020 to June 21, 2021, defendants deducted for breaks two hours of paid work per day from plaintiff's wages, even though plaintiff took only one hour of break. Lin Aff. ¶ 17; Compl. ¶ 49. From October 1, 2020 to June 21, 2021, defendants charged customers a $5 delivery fee for each order, but plaintiff received only $2 of that fee, in addition to the tips he received. Lin Aff. ¶ 18; Compl. ¶¶ 50-51. Plaintiff also alleges that he was required to pay for his own gasoline for the deliveries he made and was not reimbursed for those costs. Lin Aff. ¶ 25; Compl. ¶¶ 59-61.

In support of his motion, plaintiff relies on an affidavit he submitted in connection with a since-withdrawn 2021 motion for collective certification pursuant to the FLSA, as well as the affidavits of seven co-workers which were also filed in support of plaintiff's 2021 motion for conditional certification. Those seven co-workers consist of both kitchen workers (oil wok and fry

[1] Plaintiff's affidavit contradicts the allegations contained in the Complaint that plaintiff was paid a flat rate of $5.90 per hour during the non-summer months and $7.08 per hour during the summer. Compl. ¶¶ 41-42.

[2] In a different paragraph in his affidavit, plaintiff states that he was paid $10 per regular hour and $15 per overtime hour, from October 2020 to June 21, 2021. Lin Aff. ¶ 15. Similarly, in the Complaint, plaintiff alleges that from May 1, 2020 to June 21, 2021, he was paid at those rates. Compl. ¶ 45.

wok, cook, and chef) and "front of house" staff (waitress, busboy, and hostess) who state that they also were denied overtime pay and did not receive weekly wage statements. *See* Dkts. 21-10 to 21-16. Three of those seven co-workers also allege that they were not paid a spread of hours premium. *See* Dkts. 21-14, 21-15, 21-16. One co-worker, a waitress, alleges that her tips were misappropriated: 3 percent was deducted each weekday and 5 percent on the weekends, to give to the kitchen workers; and 10 percent deducted for the busboy. *See* Aff. Of Yun Yan Gao ¶ 20, Dkt. 21-11. Each affiant also identified other employees who worked at the restaurant, but none of these co-workers identified any employee who was denied overtime, spread of hours pay or was not provided a wage statement.

In the Complaint, plaintiff alleges that there are at least 13 employees employed at the restaurant. Compl. ¶ 26. In his affidavit, plaintiff did not quantify how many employees worked for the restaurant, and he identified six co-workers by full name, nickname or job title. Lin Aff. ¶¶ 28-62. However, plaintiff does not know how much any of those co-workers were paid. *See, e.g., id.* at ¶¶ 33, 39, 62.

On July 7, 2021, plaintiff commenced this action as a putative class and collective action on behalf of all current and former non-exempt employees who were employed by defendants at the restaurant. *See* Dkt. 1. Plaintiff alleges claims under the FLSA for unpaid minimum wages, overtime wages and withheld gratuities, and eight claims under the New York Labor Law for, *inter alia*, unpaid minimum and overtime wages, unpaid spread of hours premiums and failure to provide required wage notices and statements.

On December 30, 2021, plaintiff moved for conditional certification of a collective action pursuant to 29 U.S.C. § 216(b). *See* Mot. to Certify FLSA Collective Action, Dkt. 20. On February 18, 2022, the Court entered a stipulation agreed to by the parties conditionally certifying a collective action and authorizing dissemination of notice to all non-managerial employees who

worked at the restaurant from July 7, 2015 to the present. Order, Dkt. 29. Four opt-ins filed consents to join the collective action.[3] *See* Dkts. 17, 18, 33, 34.

Since the instant action was filed, plaintiff's counsel, Troy Law, filed two related actions in New York Supreme Court, Kings County against the same defendants. *See Yi Di Lin v. Fuji Hana Rest. Corp.*, Index No. 524702/2021 (Yi Di Lin and Chun Lin); *Siu Na Chan v. Fuji Hana Rest.*, Index No. 500943/2024 (Siu Na Chan, Yun Yan Gao, Desheng Lin, Chun Lin, Yi Di Lin, Wen Ke Ye and Ling Qin Ye).

Plaintiff proposes an overarching class in connection with his NYLL claims. Plaintiff's proposed class is comprised of "[a]ll restaurant workers who were employed or are currently employed by Defendants, other than Defendants themselves, during the six years immediately preceding the intuition [sic] of this action, i.e., from July 7, 2015 through date the [sic] decision of this motion." Pl. Mem. of Law in Support of Mot. for Class Certification ("Pl. Mem.") at 1, Dkt. 95.

## II. Discussion

### A. Federal and State Labor Laws

Both the FLSA and the NYLL entitle covered employees to minimum wages and hourly premiums for overtime work. Under the FLSA and the NYLL, subject to certain exceptions, an employee must "be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty per week." *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200 (2d Cir. 2013); 29 U.S.C. § 207(a); N.Y. Comp. Codes R. & Regs., tit. 12 § 142-2.2. The NYLL further requires that an employer pay employees a "spread-of-hours" premium that is equal to "one additional hour of pay at the basic minimum hourly rate" for each day an employee works in excess of ten hours. *See* N.Y. Comp. Codes R. & Regs. Tit. 12,

[3] Yunyan Gao (a/k/a Sandy Gao), Siu Na Chan (a/k/a Daisy Chan), Mingxing Jiang and Darren Klemons.

§ 146-1.6; *see also id.* § 142-2.4 (non-hospitality workers). For hospitality workers, the spread of hours mandate applies "regardless of a given employee's regular rate of pay." *Id.* § 146-1.6(d). In addition, the NYLL requires an employer to "furnish each employee with a statement with every payment of wages" that lists information such as "the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked." NYLL § 195(3). "Because FLSA and NYLL claims usually revolve around the same set of facts, plaintiffs frequently bring both types of claims together in a single action using the procedural mechanisms available under 29 U.S.C. § 216(b) to pursue the FLSA claims as a collective action and under Rule 23 to pursue the NYLL claims as a class action under the district court's supplemental jurisdiction." *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 244 (2d Cir. 2011); *see Ramirez-Marin v. JD Classic Builders Corp.*, No. 16-CV-5584, 2017 WL 9511078, at *5 (E.D.N.Y. June 5, 2017) (courts "adjudicating FLSA collective actions may exercise supplemental jurisdiction over parallel state law wage and hour class claims"), *report and recommendation adopted*, 2017 WL 4358759 (E.D.N.Y. Sept. 30, 2017).

**B. Class Certification**

"A class may be certified only if after a rigorous analysis the district court is satisfied that the prerequisites of Rule 23(a) of the Federal Rules of Civil Procedure are met." *Roach v. T.L. Cannon Corp.*, 778 F.3d 401, 405 (2d Cir. 2015) (internal citation and quotation marks omitted). Under Rule 23(a), a plaintiff must satisfy four prerequisites -- numerosity, commonality, typicality and adequacy. *See* Fed. R. Civ. P. 23(a). Accordingly, plaintiffs seeking class certification must demonstrate that "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." *Elisa W. v. City of New York*,

82 F.4th 115, 122 (2d Cir. 2023). In addition, implied in Rule 23(a) is the requirement that membership of the class be objectively ascertainable. *See In re Petrobas Sec. Litig.*, 862 F.3d 250, 260 (2d Cir. 2017). In other words, a class must be "sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member." *Brecher v. Rep. of Argentina*, 806 F.3d 22, 24 (2d Cir. 2015) (internal quotation marks and citation omitted).

If those prerequisites are met, "the district court must be satisfied that certification is appropriate under Rule 23(b)." *Roach*, 778 F.3d at 405. Here, the Court must find that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

Rule 23 "imposes stringent requirements for certification that in practice exclude most claims." *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 234 (2013). "A party seeking class certification must affirmatively demonstrate his compliance with the Rule," and "be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores v. Dukes*, 564 U.S. 338, 350 (2011). The party seeking class certification bears the burden of establishing by a preponderance of the evidence, through evidentiary proof, that each of "Rule 23's requirements have been met." *Johnson v. Nextel Commc'ns Inc.*, 780 F.3d 128, 137 (2d Cir. 2015); *Shahriar*, 659 F.3d at 251 ("In deciding a motion for class certification under Rule 23, the district judge must receive enough evidence, by affidavits, documents, or testimony, to be satisfied that each Rule 23 requirement has been met.").

### C. Standing for Wage-Notice and Wage-Statement Claims

As an initial matter, the Court must consider whether plaintiff has standing to bring claims in federal court for failure to provide wage-notices and wage-statements pursuant to the NYLL. A

litigant must have standing to sue, whether as an individual plaintiff or as a class member. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). Absent a plaintiff's demonstration of the requirements of Article III standing, a federal court has no subject matter jurisdiction to hear the merits of a plaintiff's claim. *Central States S.E. & S.W. Areas Health & Welfare Fund v. Merck-Medco Managed Care, LLC*, 433 F.3d 181, 198 (2d Cir. 2005).

To confer Article III standing, a plaintiff must allege actual injuries suffered as a result of the alleged wage-notice and wage-statement violations. *See Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300, 305 (2d Cir. 2024); *see also TransUnion*, 594 U.S. at 417 ("plaintiffs must demonstrate, among other things, that they suffered a concrete harm"). For wage-notice and wage-statement violations, "a plaintiff must show some causal connection between the lack of accurate notices and the [injury] or harm" to plausibly allege a statutory violation. *See Guthrie*, 113 F.4th at 308. The plaintiff must "link the general harms an employee might experience to any harms that [the plaintiff] did, in fact, experience." *Id.* at 311 (quoting *Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 19 F.4th 58, 64 (2d Cir. 2021) (emphasis in original)). For example, a plaintiff may establish standing where he alleges that "inaccurate or noncompliant notices prevented the employee from obtaining full payment of wages in a timely fashion." *Guthrie*, 113 F.4th at 309. Failure to make the required showing must result in dismissal of the claim for lack of standing. *Id.* at 305, 311.

Here, plaintiff has not alleged how the failure to provide a wage notice and wage statements "led to [] a tangible injury." *See Guthrie v. Rainbow Fencing Inc*, No. 21-CV-5929, 2023 WL 2206568, at *6 (E.D.N.Y. Feb. 24, 2023), *aff'd*, 113 F.4th 300 (2d Cir. 2024). Plaintiff does not allege that defendants' statutory violations caused any financial or other injury. Indeed, neither the Complaint, nor plaintiff's affidavit, identifies any specific and concrete injury caused by these alleged deficiencies. "Without plausible allegations that [Plaintiffs] suffered a concrete injury because of [Defendants'] failure to provide the required notices and statements, [Plaintiffs] lack[ ]

standing to sue for that statutory violation." *Guthrie*, 113 F.4th at 311 (alterations in original). Thus, the Court respectfully recommends that plaintiff's motion for class certification be denied as to his wage-notice and wage-statement claims and plaintiff be directed to show cause why his wage-notice and wage-statement claims should not be dismissed for lack of standing. *See, e.g., Kim v. Kini LIC Corp.*, 806 F. Supp. 3d 277, 296-98 (E.D.N.Y. 2025) (dismissing claims for failure to provide wage notice and wage statements); *Rodriguez v. MRC Bakery Corp.*, 802 F. Supp. 3d 393, 413-15 (E.D.N.Y. 2025) (same); *Xia v. New Yung Wah Carrier, LLC*, No. 21-CV-4475, 2025 WL 3460746, at *9 (E.D.N.Y. Sept. 17, 2025), *report and recommendation adopted*, 2026 WL 629564 (E.D.N.Y. Mar. 6, 2026); *Blanco v. M&R Plaza Deli Inc.*, No. 23-CV-9408, 2024 WL 4859467, at *6 (E.D.N.Y. Oct. 29, 2024), *report and recommendation adopted*, 2024 WL 4855214 (E.D.N.Y. Nov. 21, 2024).

**D. Rule 23(a) Requirements**

**1. Numerosity**

Rule 23(a)(1) requires the putative class to be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Numerosity is presumed when the putative class has forty or more members. *See Jin v. Shanghai Original, Inc.*, 990 F.3d 251, 263 n.20 (2d Cir. 2021); *Shahriar*, 659 F.3d at 252. Where the class is between twenty and forty members, courts consider factors other than class size, including "(1) the judicial economy that will arise from avoiding multiple actions; (2) the geographic dispersion of members of the proposed class; (3) the financial resources of those members; (4) the ability of the members to file individual suits; and (5) requests for prospective relief that may have an effect on future class members." *Ye v. 2953 Broadway Inc.*, No. 18-CV-4941, 2024 WL 4607074, at *3 (S.D.N.Y. Apr. 26, 2024) (internal quotation marks and citation omitted), *report and recommendation adopted*, 2024 WL 4604617 (S.D.N.Y. Oct. 29, 2024); *see Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993).

"Although a plaintiff need not present a precise calculation of the number of class members and it is permissible for the court to rely on reasonable inferences drawn from available facts, the movant must show some evidence of or reasonably estimate the number of class members." *Noble v. 93 Univ. Place Corp.*, 224 F.R.D. 330, 338 (S.D.N.Y. 2004) (internal citations and quotation marks omitted). "Where a plaintiff's assertions of numerosity are based on pure speculation or bare allegations, the motion for class certification must fail." *Benitez v. Valentino U.S.A., Inc.*, No. 19-CV-11463, 2025 WL 560748, at *4 (S.D.N.Y. Feb. 20, 2025) (quoting *Lewis v. Nat'l Fin. Sys., Inc.*, No. 06-1308, 2007 WL 2455130, at *8 (E.D.N.Y. Aug. 23, 2007)). "[A] court may rely on reasonable inferences from available facts in drawing its conclusion." *Houser v. Pritzker*, 28 F. Supp. 3d 222, 242 (S.D.N.Y. 2014).

Plaintiff has not met his burden to establish numerosity. In fact, plaintiff fails to include any documents or evidence that establishes that the putative class meets the numerosity requirement. *See Stewart v. Hudson Hall LLC*, No. 20-CV-885, 2021 WL 6285227, at *11 (S.D.N.Y. Nov. 29, 2021) ("Here, there are no other named plaintiffs, and [plaintiff] offers no affidavits, deposition testimony, statistical data, or other concrete evidence on which to ground the inference that the Proposed Class exceeds 40 members."); *Chen v. Oceanica Chinese Rest., Inc.*, No. 13-CV-4623, 2014 WL 1338315, at *6 (E.D.N.Y. Apr. 2, 2014) (denying class certification motion). It is undisputed that the seven affidavits submitted are insufficient alone to establish numerosity, particularly as here, where two of the affiants have already joined the collective action. *See, e.g.*, *Ye*, 2024 WL 4607074, at *4 (nine named plaintiffs "alone would not be sufficiently numerous"). Plaintiff's claim that "[d]efendants' records identify more than 40 individuals who fall within the class definition" is vague and conclusory. *See* Pl. Reply Mem. in Support ("Pl. Reply") at 6, Dkt. 103. Although plaintiff vaguely cites to the records produced by defendants, he has not specifically identified any records that demonstrate numerosity. *See* Pl. Mem. at 7

("Membership in the proposed class can be ascertained by reference to Defendants' records produced in discovery, which include employee personnel files and employee lists"). The Court "cannot draw any reasonable inference [of sufficient numerosity] from such sparse evidence." *Colozzi v. St. Joseph's Hosp. Health Ctr.*, 275 F.R.D. 75, 84 (N.D.N.Y. 2011).

In his memorandum of law, plaintiff lists 53 potential class members who he claims are identified in defendants' records. Pl. Mem. at 7-10 (citing Dkts. 94-3 through 94-14). Of course, counsel's memorandum is not evidence. *See Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009). In any event, only a few individuals on plaintiff's list are identified by full name, a large number of individuals appear to be listed more than once, and none of the individuals' job titles are provided, other than those individuals who are identified only by their job title (*i.e.*, "Busboy 1"). *See, e.g.,* Pl. Mem. at 8-9 (listing "Lin" twice; listing "Chiang Shi Fu" twice; listing "He Shi Fu" four times; listing "Amy" twice; listing "Xiao Mei" four times; listing "Jimmy" three times; listing "Denny" three times); *see also* Co-worker Information Summary Table, Dkt. 21-17. In contrast, in the Complaint, plaintiff estimated that defendants employed approximately 13 workers. *See* Compl. ¶ 26.

At his deposition, plaintiff testified that during the relevant period, the restaurant employed only nine or ten employees, including four to five back of house employees (kitchen staff) and four or five front of house employees (wait staff, busboys). *See* transcript from deposition of Desheng Lin ("Lin Dep.") at 64-66, Dkt. 102-1. Corroborating plaintiff's testimony, defendant Isadore Natkin testified that defendants employed full-time one delivery driver, four waiters and/or waitresses, four chefs, and one busboy. *See* transcript from deposition of Isadore Natkin at 71-80, Dkt. 94-2. Plaintiff has not specifically identified any of defendants' documents that demonstrate numerosity or offered any deposition testimony or other evidence explaining what the documents purport to show. Based on this Court's review of defendants' printed payroll records submitted by

plaintiff for 2017-2020, only fourteen employees are listed, in addition to the named plaintiff and the named defendants. *See* Dkts. 94-11, 94-12, 94-13, 94-14. The handwritten "payroll" documents submitted by plaintiff similarly suggest that defendants mostly employed the same fourteen to sixteen individuals over the relevant time period. *See, e.g.*, Dkts. 94-3, 94-4, 94-5, 94-6.

Meanwhile, plaintiff has not presented any evidence to show that the class members are geographically dispersed, that they have limited financial resources, or that they fear retaliation. *Perechu v. Flaum Appetizing Corp.*, No. 18-CV-1085, 2021 WL 1725629, at *2 (E.D.N.Y. Apr. 6, 2021); *Grant v. New York Times Co.*, 329 F.R.D. 27, 33-34 (S.D.N.Y. 2018). In fact, here, putative class members had an opportunity to join the collective action by filing a consent form to join the action. *See Sanchez v. New York Kimchi Catering, Corp.*, No. 16-CV-7784, 2018 WL 2383145, at *3 (S.D.N.Y. May 24, 2018) ("the putative class members had more than the theoretical possibility of joinder as an alternative to class treatment"). In addition to the class members already having received notice of this action and chosen not to join, there are two pending state court actions brought against defendants on behalf of some of the class members. Accordingly, no judicial economy would be saved by certifying a class here. *Id.* at *4 ("this action simply multiplies the proceedings"); *see Shayler v. Midtown Investigations, Ltd.*, No. 12-CV-4685, 2013 WL 772818, at *7 (S.D.N.Y. Feb. 27, 2013) ("Since all but a few of the plaintiffs known about have already received specific notice of the FLSA opt-in class and have not chosen to join, it is not at all clear that there is any judicial economy to be gained from litigating this matter as a Rule 23 class.").

Even assuming plaintiff's list of 53 total employees were correct, plaintiff has not provided any evidence to demonstrate that those employees were not paid overtime, were not paid a spread of hours premium, were not paid minimum wage, had unlawful deductions of wages taken for breaks, were not reimbursed for tools of the trade, had their tips misappropriated or otherwise were subject to the same policies and procedures as plaintiff. *See Ni v. Red Tiger Dumpling House Inc.*,

No. 19-CV-3269, 2024 WL 3387260, at *7 (E.D.N.Y. May 29, 2024) (finding that plaintiff failed to establish numerosity where defendants' tax and payroll records establish at least 48 employees, but plaintiff did not "identif[y] which of these employees fall into the job categories delineated in his class definition"); *Chen*, 2014 WL 1338315, at *6 (plaintiffs failed to "produc[e] any evidence to suggest that all 100 employees were subject to the same allegedly illegal scheme and thus part of the class"). In fact, plaintiff testified that he did not know how or how much the kitchen workers, front of the house workers or other deliverymen were paid or, in many cases, how many hours they worked. *See* Lin Dep. at 66-68 (testimony regarding cooks, prep workers, dishwashers, waiters, sushi chefs, and cook); *see, e.g.*, Lin Aff. ¶¶ 33 ("I don't know how much Annie was paid"), 45, 51, 57, 62.

Plaintiff relies on eight affidavits, including his own, and that of two opt-in plaintiffs. However, plaintiff has not identified any deposition testimony by the affiants or defendants, or any other evidence that would support his claim that the numerosity requirement is satisfied. Although the Court may make reasonable inferences from available facts, plaintiff has not provided "specific evidence to allow the Court to draw such inferences." *See Benitez*, 2025 WL 560748, at *4 (finding plaintiff failed to demonstrate numerosity). Instead, plaintiff asks the Court to rely on pure speculation. Accordingly, plaintiff has failed to establish that the proposed class is sufficiently numerous.[4] *Id.* ("As evidence of numerosity for the FTE Class, Plaintiffs direct the Court to three

[4] As discussed more fully below, plaintiff's proposed class definition is a moving target. In his opening memorandum of law, plaintiff proposed: "*All restaurant workers who were employed or are currently employed by Defendants*, other than Defendants themselves, during the six years immediately preceding the intuition [sic] of this action, i.e., from July 7, 2015 through date the decision [sic] of this motion." Pl. Mem. at 1 (emphasis added). In his reply brief, plaintiff characterized as a "modest non-substantive refinement" changing the proposed class definition to: "All individuals employed by Defendants as *deliverymen* at the restaurant located at 512 Avenue U, Brooklyn, NY." Pl. Reply at 6, Dkt. 103 (emphasis added). If plaintiff has changed his position so that his proposed class consists only of deliverymen at Fuji Hana, there would be no dispute that he could not satisfy the numerosity requirement. *See* Natkin Dep. at 70-71, Dkt. 94-2 (testifying to employing one full-time deliveryman and one part-time deliveryman).

pieces of evidence, none of which demonstrate numerosity."); *Wang v. Shun Lee Palace Rest., Inc.*, No. 17-CV-840, 2023 WL 2734328, at *5 (S.D.N.Y. Mar. 31, 2023) (denying certification in absence of any evidence "to show or suggest that the class size exceeds 40 people").

Again, the numerosity inquiry focuses on whether the class is so large "that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Here, the Court also finds that plaintiff has failed to establish by a preponderance of the evidence that joinder is impracticable. To be sure, some potential class members who have submitted declarations have referred to other employees who have not submitted declarations. There has been no showing, however, that it "would be time intensive to contact the [other potential class members] to discuss representation." *Huang v. Shanghai City Corp.*, No. 19-CV-7702, 2022 WL 1468450, at *13 (S.D.N.Y. May 10, 2022) (internal quotation marks and citation omitted). Thus, plaintiff has not shown "why joinder of the additional members of the proposed class would be impracticable." *Id.; see Pa. Pub. Sch. Emps. Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 120 (2d Cir. 2014) (affirming denial of certification of class of over 100 members where the putative class "was limited and identifiable"); *Perechu*, 2021 WL 1725629, at *1 (denying certification of subclass of 10 members).

**2. Commonality**

Although plaintiff's failure to establish numerosity alone requires denial of plaintiff's motion, the Court further concludes that plaintiff has not satisfied the commonality and typicality requirements of Rule 23.

"Commonality" requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The class members' claims "must depend upon a common contention . . . capable of classwide resolution." *Wal-Mart Stores*, 564 U.S. at 350 (internal quotation marks and alterations omitted). "For purposes of Rule 23(a)(2), even a single common question will do." *Id.* "Commonality is usually satisfied in wage cases where the plaintiffs allege that defendants had a

common policy or practice of unlawful labor practices." *Mendez v. MCSS Rest. Corp.*, No. 16-CV-2746, 2019 WL 2504613, at *8 (E.D.N.Y. June 17, 2019) (internal quotation marks and citation omitted). The commonality and typicality requirements tend to merge into one another. *See Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997); *see Robinson v. New York City Transit Auth.*, No. 19-CV-1404, 2020 WL 5814189, at *6 (S.D.N.Y. Sept. 30, 2020) ("commonality and typicality requirements tend to merge into one another, so that similar considerations animate analysis of Rules 23(a)(2) and (3)"). "Plaintiffs must produce some 'quantum of evidence to satisfy the commonality and typicality requirements, usually in the form of affidavits, statistical evidence, or both, tending to show the existence of a class of persons affected by a company-wide policy or practice." *Benitez*, 2025 WL 560748, at *5 (quoting *Eng-Hatcher v. Sprint Nextel Corp.*, No. 07-CV7350, 2009 WL 7311383, at *6 (S.D.N.Y. Nov. 13, 2009)).

Plaintiff contends that he has established commonality because all of defendants' employees were paid "flat salaries" which did not include extra pay for overtime or spread of hours. Pl. Mem. at 10-12. However, plaintiff's argument is belied by the record. Unlike those cases where all employees share the same job duties and pay rate, plaintiff's proposed class includes all employees of the restaurant, both tipped and non-tipped, who were paid at various times and at various rates. *See Benitez*, 2025 WL 560748, at *5. For example, even plaintiff was not paid a flat rate for the entirety of his employment. Plaintiff, a deliveryman, states that from January 1, 2006 to March 1, 2020, and then again from April 26, 2020 to September 30, 2020, he was paid a flat rate of $425 per week, without receiving an overtime premium for those hours worked in excess of 40 hours each week. Lin Aff. ¶ 12. Then, from October 2020 to June 2021, he was paid an hourly rate of $10 for the first 40 hours and $15 per hour for overtime hours. Lin Aff. ¶¶ 15, 20. In his affidavit, plaintiff, like the other affiants, concedes that he does not know how any other employee was paid. *See id.* ¶¶ 39, 45, 51, 57, 62; *see also* Aff. of Lin Chun (Dkt. 21-16)

¶¶ 17 ("I do not know how much Xiao Mei was paid."), 22, 32; Aff. of Lin Yi Di (Dkt. 21-15) ¶¶ 21, 26, 33; Aff. of Wen Ke Ye (Dkt. 21-14) ¶¶ 24, 30, 36, 42.[5] To the extent any of the declarants purport to know how much any other employee was paid, they do not provide any basis for their knowledge. *See Ni*, 2024 WL 3387260, at *8 ("second hand accounts of his fellow employees' salary history -- based entirely on hearsay rather than his personal knowledge -- cannot form the basis of a class certification motion").

Plaintiff further claims that "[m]ultiple Plaintiffs attested to never actually receiving a proper overtime rates [sic] were reduced below the minimum wage by the operation of the same unlawful tip credit as applied to their minimum wages." Pl. Reply at 11. Plaintiff also alleges that "they were not paid a rate of one-and-one half times the minimum wage or their regular hour rate for their overtime hours, but rather at a flat rate or no rate at all." Pl. Reply at 11. In support of this contention, however, counsel relies on several affidavits that have not been submitted to the Court. *Id.* at 11-12 (citing affidavits of Zhang, P. Pan, J. Pan, Zhou, Yang, Yao, Li, Han and Sun). In sum, there is no evidentiary support for plaintiff's claim that all employees across all job categories were denied overtime and paid according to a "flat salary." *See Ni*, 2024 WL 3387260, at *8 (finding that commonality requirement was not met).

### 3. Typicality

Pursuant to Rule 23(a)(3), plaintiff must further show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The typicality requirement is satisfied where "each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's

[5] Opt-in plaintiff Siu Na Chan, a "packer, cashier and hostess," alleges that at various periods of her employment she was paid a flat weekly or semi-monthly salary, and she identifies other tipped and non-tipped employees who were paid daily rates or semi-monthly salaries. Aff. of Siu Na Chan (Dkt. 21-10) ¶¶ 10-11, 68, 76. Chan further alleges that she was not paid an overtime premium, but she does not allege that she or any other employee was paid below minimum wage or was denied a spread of hours premium.

liability." *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993). "Since the claims only need to share the same essential characteristics, and need not be identical, the typicality requirement is not highly demanding." *Passman v. Peloton Interactive, Inc.*, 671 F. Supp. 3d 417, 441 (S.D.N.Y. 2023) (internal quotation marks and citation omitted).

Defendants argue that plaintiff's claims are atypical, largely for the same reasons that they dispute the commonality requirement. *See* Defs.' Mem. of Law in Opp. at 13-15, 18-19, Dkt. 101. As discussed above, plaintiff has not demonstrated that all employees were subjected to a common policy and practice of failing to pay overtime compensation. Based on the evidence submitted by plaintiff, it appears that his co-workers were compensated in a variety of ways. Plaintiff's claims, therefore, are not typical of the class. *See Ni*, 2024 WL 3387260, at *8 ("evidence demonstrates that the Proposed Class were compensated in a variety of ways"); *Fernandez v. Wells Fargo Bank, N.A.*, No. 12-CV-7193, 2013 WL 4540521, at *5-6 (S.D.N.Y. Aug. 28, 2013) (finding no typicality based on same reasons for finding no commonality).

**E. Class Counsel**

Troy Law moves for its appointment as class counsel. *See* Pl. Mem. at 18; Decl. in Support ("Troy Decl.") ¶ 5, Dkt. 94. Troy Law contends that it has extensive experience litigating FLSA and NYLL collective actions and has diligently prosecuted the claims in this case. Troy Decl. ¶¶ 11-15. Defendants argue that Troy Law cannot adequately represent the class because of its derelictions in this and other cases.

Rule 23(g) of the Federal Rules of Civil Procedure states that "a court that certifies a class must appoint class counsel." Fed. R. Civ. P. 23(g)(1). In appointing counsel, the Court must consider (i) "the work counsel has done in identifying or investigating potential claims in the action"; (ii) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action"; (iii) "counsel's knowledge of the applicable law"; and (iv) "the

resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). A court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

The Court finds that plaintiff's motion should also be denied for failure to satisfy Rule 23(g). First, counsel's delay in prosecuting this case must weigh against appointment. As a general matter, this action was filed in 2021, but the motion for class certification was delayed until November 2025. As to the instant motion, counsel's effort on behalf of the putative class is lacking. Despite the parties taking twelve depositions in discovery, the affidavits counsel submitted in support of the instant motion were created in 2021 in connection with plaintiff's motion for conditional certification, yet, the same affidavits were relied on here in connection with the class certification motion filed four years later. The affidavit of Mr. Troy filed in support of the instant motion appears to seek certification of workers in an entirely different case, *i.e.*, "all laundromat workers who were employed or are currently employed by defendants." Troy Decl. ¶ 2, Dkt. 94. As noted above, in his reply brief, without explanation, plaintiff's counsel suddenly proposed a different class definition than that sought in the original brief: "All individuals employed by Defendants as *deliverymen* at the restaurant located at 512 Avenue U, Brooklyn, NY." Pl. Reply at 6 (emphasis added). In addition, counsel's reply brief cites to affidavits that were not submitted in this case. Pl. Reply at 11-12 (citing affidavits of Zhang, P. Pan, J. Pan, Zhou, Yang, Yao, Li, Han and Sun). Indeed, plaintiff's counsel failed to submit any evidentiary support for his claim that "[m]ultiple Plaintiffs . . . were reduced below the minimum wage by the operation of the same unlawful tip credit as applied to their minimum wages." *Id.* at 11.

Indeed, many courts in this Circuit have denied Troy Law appointment as class counsel or decertified a class based on a demonstrated pattern of inadequate representation in those cases. *See, e.g., Jin*, 990 F.3d at 263 (affirming decertification of class); *Leong v. Laundry Depot, LLC*,

No. 25-CV-3545, 2025 WL 3014373, at *4-5 (E.D.N.Y. Oct. 28, 2025) (decertifying class); *Li v. Dollar Shop Rest. Grp.*, No. 16-CV-1953, 2024 WL 794345, at *15-16 (E.D.N.Y. Feb. 9, 2024); *Ni*, 2024 WL 3387260, at *9-10; *Ye*, 2024 WL 4607074, at *6-7; *Wang*, 2023 WL 2734328, at *6-8.[6] Based on Troy Law's neglect and inadequate performance in this action and the firm's history of deficient performance in other cases, this Court recommends denying plaintiff's motion for class certification on this ground as well.

**Conclusion**

For the foregoing reasons, the Court respectfully recommends denying plaintiff's motion to certify a class consisting of all restaurant workers who were employed or are currently employed by defendants, other than defendants themselves, during the six years immediately preceding the institution of this action. A copy of this Report and Recommendation is being electronically served on counsel.

Any objections to the recommendations made in this Report must be filed with the Honorable Natasha C. Merle within 14 days after the filing of this Report and Recommendation and, in any event, on or before August 12, 2026. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*) (discussing waiver under the former ten-day limit).

**SO ORDERED**

Dated: Brooklyn, New York
July 29, 2026

s/ James R. Cho
James R. Cho
United States Magistrate Judge

[6] *See also Huang*, 2022 WL 1468450, at *19-20; *Shi Ming Chen v. A Taste of Mao, Inc.*, No. 17-CV-802, 2021 WL 3727093, at *1 (S.D.N.Y. Aug. 20, 2021); *Rodpracha v. Pongrisi Thai Rest. Corp.*, No. 14-CV-2541, 2021 WL 1733515, at *2 (S.D.N.Y. Mar. 22, 2021).