UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DESHENG LIN, *individually and on behalf of all others similarly situated,*

*Plaintiff,*

– against –

FUJI HANA RESTAURANT CORP. *d/b/a Fuji Hana Kosher Japanese Restaurant d/b/a Fuji Hana*, LORRAINE GINDI, ESTATE OF ISADORE GINDI, *by Executor Raymond Betesh*, ISADORE NATKIN, *and* JACK COHEN,

*Defendants.*

**ORDER**
21-cv-03832 (NCM) (JRC)

**NATASHA C. MERLE**, United States District Judge:

This Court has received the Report and Recommendation ("R&R") dated July 29, 2026, from the Honorable James R. Cho, United States Magistrate Judge. ECF No. 104. No objections have been filed.

The Court reviews "de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); *see also Park v. Kim*, No. 20-cv-02636, 2022 WL 3643966, at *2 (E.D.N.Y. Aug. 24, 2022), *aff'd*, 91 F.4th 610 (2d Cir. 2024). Where no timely objections have been filed, "the district court need only satisfy itself that there is no clear error on the face of the record." *Finley v. Trans Union, Experian, Equifax*, No. 17-cv-0371, 2017 WL 4838764, at *1 (E.D.N.Y. Oct. 24, 2017) (quoting *Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd.*, 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011)).

Having reviewed the record, I find no clear error. I therefore adopt the R&R, in its entirety, as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1).

Accordingly, plaintiff's motion pursuant to Federal Rule of Civil Procedure 23 to certify a class consisting of all restaurant workers who were employed or are currently employed by defendants, other than defendants themselves, during the relevant time period, ECF No. 93, is denied.

On or before August 28, 2026, plaintiff is ordered to show cause why his wage notice (Count VII) and wage statement (Count VIII) claims pursuant to New York Labor Law § 195 should not be dismissed for failure to demonstrate a concrete injury in fact sufficient to confer standing. *See Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300, 308–10 (2d Cir. 2024) ("[A] plaintiff must show some causal connection between the lack of [wage notices and wage statements] and the downstream harm.").

Consistent with this Court's order dated December 17, 2025, defendants shall take the first step in dispositive motion practice by September 4, 2026 pursuant to Rule III.A.2. of this Court's Individual Practice Rules. Defendants should ensure it complies with Local Civil Rule 56.1 and this Court's Individual Practice Rules, including, by supporting each statement of material fact "by citation to evidence that would be admissible and set forth as required by Fed. R. Civ. P. 56(c)." Loc. Civ. R. 56.1. Should defendants forgo filing a dispositive motion, the parties shall file their proposed joint pretrial order by September 21, 2026.

**SO ORDERED.**

*/s/Natasha C. Merle*
NATASHA C. MERLE
United States District Judge

Dated: August 21, 2026
Brooklyn, New York