**TROY LAW, PLLC**
ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324 troylaw@troypllc.com Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 110, Flushing, NY 11355

October 7, 2026

***Via ECF***
The Hon. Natasha C. Merle, U.S.D.J
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: Opposition to Defendants' Request for a Pre-Motion Conference in Anticipation of Motion for Summary Judgment**
*Lin, et al v. Fuji Hana Restaurant Corp. et al*, No. 21-cv-03832 (EK) (JRC), (E.D.N.Y.)

Your Honor,

We represent the Plaintiff in the above-referenced matter. We write respectfully to oppose Defendants' request for a pre-motion conference in anticipation of their anticipated motion for summary judgment and their request to decertify Plaintiff's FLSA Claims. Plaintiffs respectfully direct the court to view Plaintiff's Counterstatement of Material Facts in Opposition to Defendants Statement of Material Facts, written pursuant to Local Civil rule 56.1. ("Plaintiff's Counter Statement") annexed hereto as Exhibit A, for the full response to Defendants' Statement of Facts. Plaintiff additionally apologizes to the court for the length of Plaintiff's Counterstatement. Plaintiff understands that a Rule 56.1 statement is required to be short and concise as per Local Civil rule 56.1 (a). However, as all 341 statements of fact required Plaintiff's response, the Counterstatement could not be shortened.

Defendants' request for a pre-motion conference and leave to grant summary judgment should both be denied for the following reasons:

In the summary judgment context, the evidence adduced must be construed in the light most favorable to Plaintiffs, as the non-movant. See, e.g., *Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 69* (2d Cir. 2001). Summary judgment is appropriate only where there exists no genuine issue of material fact, and the onus to establish the absence of such factual issues falls squarely upon Defendants as the moving parties. *See*, *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Upon such showing, the onus shifts to Plaintiffs to present evidence sufficient to satisfy every element of the claim. In so doing, Plaintiffs are required to "go beyond the pleadings" and "designate specific facts showing that there is a genuine issue for trial." Id. at 324. However, in assessing the record to determine whether there is a genuine issue to be tried as to any material fact, the court is required to resolve all ambiguities and draw all permissible factual inferences in Plaintiffs favor. *See, Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50 (1986).

## I. Defendants Mischaracterize the Roles of Plaintiff Chan, Lorraine Gindi, Isadore Natkin, and Jack Cohen

Chan's role at Fuji Hana was to act as a translator and waitress, not a general manager. She relayed information from the managers to the Chinese speaking employees, and as such, all decisions "went through her" only because they could not be communicated to waitstaff any other way. *See*, Plaintiff's Counterstatement at ¶103. Her role was well understood by the staff and by Chan herself. See, *Id*. Defendants seek to import responsibility upon Plaintiff Chan she did not possess and omit the managerial role held by Isadore Natkin, whom Defendants mischaracterize as "assistant manager" yet who also had the power to hire and fire, set pay rates, and manage the office. *See, Id*. at ¶¶ 176, 177, 180 - 182, 282. Additionally, Defendants mischaracterize Lorraine Gindi's role, stating she was not an employer despite Plaintiffs knowing her as "lady boss" who had the power to hire, fire, pay employees, grant raises, instruct employees, and handle employee complaints. *See, Id.* at ¶¶ 334 – 339. Jack Cohen's role was extensive and managerial as well, as he paid employees, set delivery fee, and managed employee pay complaints. See, *Id.* at ¶80. Defendants' omissions conceal the joint employer status of all Defendants and improperly impute it to Chan. Such mischaracterization disregards the employee's accounts of the Defendants true managerial roles and the majority of the evidence.

## II. Defendants Failed to Provide Plaintiff With Paystubs in His Native Language, Patently Violating NYLL § 195.

To establish standing under NYLL 195, a Plaintiff must show that they (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." See, *Yetim v. Berr LLC*, No. 25-cv-02076 (PKC) (TAM), 2026 LX 211236, at *27 (E.D.N.Y. May 8, 2026) (quoting *Lacewell v. Off. of Comptroller of Currency*, 999 F.3d 130, 141 (2d Cir. 2021)). The 2nd Circuit has consistently found that "[p]laintiffs sufficiently establish Article III standing when they allege that the denial of the statutory right to wage notices and wage statements ultimately resulted in underpayment." *Id* at *27–28 (citing *Rosas v. M & M LA Solucion Flat Fixed Inc.*, No. 23-cv-01212 (DG) (MMH), 2024 U.S. Dist. LEXIS 163906, 2024 WL 4131905, at *12 (E.D.N.Y. Sept. 10, 2024)). Judge Chen, in *Berr LLC,* found that the Plaintiff possessed standing under NYLL § 195 for harms suffered for lack of wage notices and statements where "the Defendants' failure to provide required wage notices and accurate wage statements kept [the Plaintiff] 'in the dark about how much he should have been paid' and resulted in 'downstream harm,' including precluding him from bringing this lawsuit earlier to 'enforce his rights.'" *Id.*, at *28.

Plaintiff Lin and his comparators suffered the exact "downstream harm" suffered by the Plaintiffs in *Berr LLC.* The native language of all Plaintiffs in this action is Chinese and all paystubs were provided to Plaintiffs solely in English. NYLL § 195 requires not only accurate paystubs but paystubs written "in the language identified by each employee as the primary language of such employee. *See NYLL* § 195. Plaintiff Lin in particular speaks no English and cannot read in English. When presented with his paystubs during the deposition, plaintiff could not read their contents to verify their accuracy. During his employment, this of crucial information precluded plaintiff from advocating for the pay he was owed.. The consequence of this improper notice is exactly the type of "downstream harm" the NYLL was enacted to prevent.

## III. The Parties dispute the Rate and Nature of the Delivery Fee

Plaintiff Chan describes the Delivery fee as dependent on the location of the delivery. As such, the tip that was apportioned to the delivery drivers changed. Additionally, the customer's were consistently told the delivery fee would dbe included as a tip to the drivers. Defendants, conversely, describe the fee as a flat $5.00 fee applied to every order. What is more, Plaintiff Lin describes a cut in his delivery fee tips when Plaintiff Chen left. See, *Id.* at 90, 97.

## IV. Isadore Gindi's Liability as an Employer to Plaintiffs is Imputed to His Estate.

Plaintiff refutes the Estate's characterization as an employer. Isadore Gindi is an undisputed employer to Plaintiffs and as such, his estate is liable to the extent Isadore Gindi is liable to Plaintiffs for violations of NYLL.

## V. Conclusion

Here, under Fed. R. Civ. P. 56 and Fed. R. Civ. P. 12(h)(3), Defendants' anticipated Summary Judgement Motion must be denied because the parties continue to dispute the Defendants' failure to, among other things, pay minimum wages, overtime wages, and spread of hours as to all Plaintiffs, the Lorraine Gindi, Jack Cohen's, and Isadore Natkin's status as employers, and Plaintiff Chan's status as an employee.

For all the foregoing reasons, Defendants' request for a pre-motion conference, and leave to grant summary judgment, should be denied.

Dated: Flushing, NY
October 7, 2026

Respectfully submitted,
TROY LAW, PLLC

By: */s/ John Troy*

John Troy
41-25 Kissena Boulevard
Suite 110
Flushing, NY 11355
(718) 762-1324
troylaw@troypllc.com
*Attorney for Plaintiffs*

cc: via ECF
all counsel of record